Gaetano Vastola, an Infant, by Dominick Vastola, His Guardian ad Litem, et al., Appellants, *v.* City of New York, Respondent, Impleaded with Others.

Argued October 20, 1942; decided December 3, 1942.

*Samuel Spevack* and *Bernard Meyerson* for appellants. The city of New York having allowed and led the public to treat and suppose the Bowery to be a public highway was bound to keep the street in a reasonably safe condition. (*Priola* v. *City of New York*, 237 App. Div. 827; 262 N. Y. 510; *Schafer* v. *Mayor*, 154 N. Y. 466; *Saulsbury* v. *Village of Ithaca*, 94 N. Y. 27; *Sewell* v. *City of Cohoes*, 75 N. Y. 45; *Klepper* v. *Seymour House Corp.*, 246 N. Y. 85.)

*William C. Chanler*, Corporation Counsel (*Joseph F. Mulqueen, Jr.*, and *Paxton Blair* of counsel), for respondent. Bowery Walk and Henderson-Stratton Walk were private ways which the city was under no duty to pave or to keep in repair. Policing the walks, cleaning them and removing the garbage from the abutting buildings and exercising control over the traffic through the amusement district which the walks traverse do not justify the conclusion of law that the city was obliged to maintain the walks in a safe condition for people to walk over. (*Speir* v. *Town of New Utrecht*, 121 N. Y. 420; *Johnson* v. *City of Niagara Falls*, 230 N. Y. 77; *Matter of Boardwalk Amusement Co.*, 271 N. Y. 341; *People* v. *Sutherland*, 252 N. Y. 86; *Matter of Wallace Avenue*, 222 N. Y. 139; *Nichols Copper Co.* v. *Connolly*, 208 App. Div. 667; 240 N. Y. 596; *Smith* v. *Smythe*, 197 N. Y. 457; *Jewhurst* v. *City of Syracuse*, 108 N. Y. 303.)

*Per Curiam.* The infant-plaintiff, a pedestrian, was injured by reason of the presence of a triangular-shaped hole approximately six or seven inches deep in the intersection of Henderson walk and Bowery walk at Coney Island. Neither street has been formally opened and the land involved is privately owned. The infant and his father brought actions alleging negligence on the part of the city of New York.

Bowery walk is about thirty-five feet in width and Henderson walk about twenty feet in width at their intersection. Neither has sidewalks nor curbs. The two streets pass through the amusement center of Coney Island. They are used by trucks which carry supplies to those in business there except on Saturday and Sunday when the Police Department forbids such traffic. Thousands of people use these streets, especially during the summer. New York city policemen patrol them, serve summonses and make arrests for

violations of law occurring thereon. Fire engines pass along them. Department of Sanitation trucks remove refuse of abutting occupants and employees of the department clean them. Beneath Henderson walk the city maintains a water main and a sewer, and upon the surface a manhole, so that the sewer beneath may be cleaned. At the center of the intersection the city maintains a fire hydrant. The city also maintains a street sewer drain there. To make repairs to pipes leading to the water main under Henderson walk a permit is required from the Highway Department after payment of a fee to the city.

Under those circumstances it was a question of fact for the jury whether the city had treated the two streets at their intersection as public streets and had taken control of and regulated them as it does other streets. If it had, then the city was chargeable with the same duties and imposed upon it were the same liabilities as if the streets had been legally opened. (*Sewell* v. *City of Cohoes*, 75 N. Y. 45; *Schafer* v. *Mayor*, 154 N. Y. 466, 471; *Priola* v. *City of New York*, 262 N. Y. 510.) The trial court left the question to a jury which found in favor of the plaintiffs. The verdict was a proper one and should be reinstated.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur; LEHMAN, Ch. J., dissents.

Judgment accordingly.