■ TRUDY GLEKEL et al., Appellants, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered March 3, 1988, which granted defendant city's motion for summary judgment dismissing the complaint on the ground that plaintiff failed to file a proper notice of claim with the specificity required by General Municipal Law § 50-e, unanimously reversed, on the law, and the city's motion denied, without costs.

On April 24, 1984, plaintiffs filed a notice of claim with the Comptroller's office, alleging that on January 26, 1984, Trudy

Glekel suffered serious personal injuries, due to the city's negligence, when she fell to the sidewalk on the north side of East 70th Street between Second and Third Avenues in Manhattan. On May 9, 1984, the Comptroller served plaintiffs with a supplemental claim form, requesting the "exact location [of the accident] by house number and street, or distance from any fixed point or object." Although the city disputed its receipt below, for purposes of the motion for summary judgment and this appeal, it is presumed that the supplemental claim form was returned to the Comptroller's office, indicating that the accident occurred at "217-223 E. 70th St. in front of Post Office", "closer to 2nd Ave. side of street" and, that the accident was caused by the "Raised and/or uneven sidewalk". Additionally, 13 photographs were attached, showing the uneven condition of the sidewalk and various points of reference on the facade of the post office, including the cornerstone, the steps and a mailbox. Contrary to the opinion of the IAS court that it is impossible to ascertain from the photos the exact area of the sidewalk where plaintiff fell, a review of the original photographs, submitted on appeal at the city's request, reveals otherwise.

Mindful, as we are, that the right of the plaintiffs to have their claim adjudicated on the merits must be equitably balanced with the city's reasonable need for prompt notification of claims against it *(see, Heiman v City of New York,* 85 AD2d 25), and applying the provisions of General Municipal Law § 50-e in a more flexible manner so as to do substantial justice *(see, Swensen v City of New York,* 126 AD2d 499), we find the plaintiffs have complied with section 50-e. Accordingly, the city's motion is denied. Concur—Kupferman, J. P., Ross, Kassal, Ellerin and Rubin, JJ.