■ Jose Alvarez et al., Appellants, v City of New York, Respondent.—Orders, Supreme Court, New York County (David Saxe, J.), entered December 21, 1988 and February 8, 1989, respectively, which (1) granted reargument and upon reargument adhered to its prior determination denying plaintiffs' motion for leave to amend the notice of claim and to strike defendant's defense of insufficiency of such notice, and (2) dismissed plaintiffs' complaint pursuant to CPLR 3211 (a) (7) or 3212, are unanimously affirmed, without costs.

In this pedestrian sidewalk fall action, the injured plaintiff's

notice of claim, filed pursuant to General Municipal Law § 50-e, admittedly described the accident site as "Broadway and West 182nd Street", New York, although the accident was at West 162nd Street and Broadway. The complaint, some 13 months after the accident, did provide the correct location.

The court did not abuse its discretion in denying the plaintiffs' motion for leave to amend the notice of claim, either initially or on reargument. It would appear that the defendant was prejudiced by the mistake in the notice of claim (General Municipal Law § 50-e [6]; *Krug v City of New York,* 147 AD2d 449). The defendant conducted a prompt investigation, but at the wrong site. None of the documents provided by the plaintiffs eliminated or cured the prejudice. These items included photographs, but they were no substitute for a prompt investigation intended by the statute *(cf., Glekel v City of New York,* 151 AD2d 231). In that case, the photographs were, in effect, provided with the original notice of claim. Their purpose was to provide defendant with an exact location of the defect. This is to be contrasted with the present case, where the plaintiffs' purpose was to show the unchanged condition of the defect. Even if the photographs were effective for their use, they are not the equivalent of the defendant's investigation. An investigation was actually pursued on the erroneous notice of claim. The prejudice is apparent. Concur—Ross, J. P., Asch, Rosenberger and Smith, JJ.