■ KENNETH W. JACOBSON, Plaintiff, v CHASE MANHATTAN BANK, N.A., Defendant and Third-Party Plaintiff-Appellant. AMODIO LANDSCAPING CORPORATION, Third-Party Defendant-Respondent, et al., Third-Party Defendant.—In an action to recover damages for personal injuries, the third-party plaintiff Chase Manhattan Bank, N.A., appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Westchester County (Donovan, J.), entered August 30, 1989, as granted the motion of the third-party defendant Amodio Landscaping Corporation for an award of counsel fees and costs in the sum of $9,509.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The plaintiff was injured when he slipped on a patch of ice in the parking lot of a branch of the Chase Manhattan Bank, N.A. (hereinafter Chase) and commenced this action against Chase to recover damages. Over a year after the main action was commenced, Chase commenced a third-party action against Amodio Landscaping Corporation (hereinafter Amodio), alleging that Amodio was responsible for the dangerous condition. The plaintiff settled his action against Chase, and a trial was held on the third-party action. At the close of evidence, the court dismissed the action and awarded Amodio its reasonable attorneys' fees and costs of defending the action pursuant to CPLR 8303-a.

We find that the record fully supports the court's determination that a reasonable investigation by Chase would have revealed that Amodio was not at fault in the happening of this accident and that the third-party action was frivolous (see, CPLR 8303-a [c] [ii]; *Patane v Griffin*, 164 AD2d 192; *Fritze v Versailles*, 158 AD2d 669). Amodio had an agreement with Chase to plow snow from its parking lot. Chase failed to establish that it had snowed prior to the plaintiff's accident, that Amodio had notice of the icy condition in the parking lot, or that Amodio was required to correct this condition in the absence of a request from Chase. Furthermore, evidence was offered that Chase was aware, prior to the commencement of the third-party action, that the icy condition was probably caused by an overflowing drainpipe, rather than by any acts or omissions of Amodio. Since the action was frivolous, the imposition of sanctions was mandated under CPLR 8303-a (see, *Fritze v Versailles, supra; Mitchell v Herald Co.*, 137 AD2d 213).

We do not find that the appeal from the judgment of the trial court warrants the imposition of sanctions against Chase under CPLR 8303-a (see, *Patane v Griffin, supra*). Thompson, J. P., Kunzeman, Miller and O'Brien, JJ., concur.