■ SIDNEY E. ZION, as Administrator of the Estate of LIBBY ZION, Deceased, Respondent, v NEW YORK HOSPITAL et al., Appellants.—Order, Supreme Court, New York County (Michael Dontzin, J.), entered on or about February 11, 1992, which *inter alia,* directed a further deposition of Dr. R. Gordon Douglas, Jr., and directed that defendant New York Hospital provide plaintiff with a certain survey and review of the Joint Commission on the Accreditation of Hospitals (JCAH), unanimously affirmed, without costs.

On the morning following the death of plaintiff's decedent at defendant hospital, Dr. Gordon Douglas, the Chief of Medicine at defendant hospital, directed Dr. Ruggiero, the Chief Resident, to undertake an investigation. The investigation undertaken by Dr. Ruggiero was not made in accordance with any standard guidelines or procedures, nor was a written report prepared. Additionally, no formal committee was convened to consider the report of Dr. Ruggiero, nor was the report used by the hospital in connection with procedures to insure quality medical care. Under these circumstances, we are unable to discern how the informal investigation undertaken by Dr. Ruggiero, and orally delivered to Dr. Douglas, constituted either a medical or a quality assurance review such that the privilege afforded under Education Law § 6527 (3) should apply. Further, we do not find that the records of the JCAH are privileged. Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ. *[See,* 183 AD2d 386.]

■ FROILAN MERINO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent.—Order, Supreme Court, New York County (James N. White, J.), entered June 6, 1991, which granted defendant's motion to dismiss the complaint and denied plaintiff's cross motion to amend the notice of claim, unanimously affirmed, without costs.

Plaintiff's notice of claim misidentified the subway staircase on which he fell, preventing defendant from investigating his claim *(see, O'Brien v City of Syracuse,* 54 NY2d 353, 358). The prejudice thereby caused was not eliminated by plaintiff's production of several color photographs on the eve of trial, five years after the accident, purporting to show the true site of the accident *(Alvarez v City of New York,* 155 AD2d 373). Concur—Sullivan, J. P., Wallach, Asch, Kassal and Rubin, JJ.