■ WALTER WANCZOWSKI, Appellant, v CITY OF NEW YORK et al., Respondents.—Order, Supreme Court, Bronx County (Herbert Shapiro, J.), entered June 14, 1991, which granted defendant's motion to dismiss the complaint except the cause of action for assault, and denied plaintiff's cross-motion for leave to amend his notice of claim *nunc pro tunc,* unanimously modified on the law, to the extent of denying defendant's motion with respect to the cause of action for violation of civil rights, and otherwise affirmed, without costs.

The IAS Court properly denied plaintiff's cross-motion to amend his IAS notice of claim so as to include theories of false arrest, false imprisonment, malicious prosecution and conspiracy that were not referred to either directly or indirectly in the notice of claim *(Soto v City of New York,* 161 AD2d 246). "The plaintiff's argument that these causes of action can be inferred from his cause of action alleging assault and battery is without merit. The fact that these alleged causes of action arose out of the same incident is not pivotal; rather, the nature of the claim and the theory of liability are determinative." *(Mazzilli v City of New York,* 154 AD2d 355, 357 [citation omitted].) We reinstate however, the second cause of action for violation of civil rights based on 42 USC § 1983 because compliance with notice of claim requirements is not prerequisite to a recovery on that theory *(Felder v Casey,* 487 US 131; *Matter of Rattner v Planning Commn.,* 156 AD2d 521, 525, *lv dismissed* 75 NY2d 897). Concur—Rosenberger, J. P., Ellerin, Kupferman and Kassal, JJ.