■ LINETTE WILSON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant.—Order, Supreme Court, Bronx County (Barry Salman, J.), entered February 2, 1992, which denied the defendant's motion to dismiss the complaint for failure to comply with General Municipal Law § 50-e, unanimously reversed, on the law, the motion is granted and the complaint is dismissed, without costs. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff is a resident of a New York City Housing Authority building known as 353-355 E. 141st Street, Bronx County. There are two entrances, 100 feet apart, on opposite sides of that building, separately designated as 353 and 355. Plaintiff alleges that on October 4, 1985, she broke her arm when she tripped on a hole in the sidewalk outside the entrance to 355.

An accident report prepared by the Housing Authority four days after the incident, based upon information provided by the plaintiff, designated the site of the accident as outside the entrance to 353. An agent of the Authority investigated and found no defect there. The same site was erroneously designated as the location of the injury in the notice of claim filed

on January 2, 1986, and the complaint filed on March 21, 1986. Four and a half years later, during a deposition, the plaintiff for the first time identified the actual location of her accident as being outside the entrance to 355.

General Municipal Law § 50-e (2) provides, in pertinent part, that notice be given of "the time when, the place where and the manner in which the claim arose". This requirement is set forth so that the municipality may have adequate opportunity to timely investigate and defend *(Levine v City of New York,* 111 AD2d 785; *Caselli v City of New York,* 105 AD2d 251). Although the plaintiff submitted an affidavit that she has always referred to her building interchangeably as 353 or 355, and it thus appears that the error was inadvertent, the misidentification rendered the notice inadequate because the defendant did not become apprised of the correct location of the accident until four and a half years after the event, and was thereby substantially prejudiced in its ability to investigate and defend *(Konsker v City of New York,* 172 AD2d 361, *lv denied* 78 NY2d 858; *Merino v New York City Tr. Auth.,* 184 AD2d 441). The passage of several years is particularly prejudicial with regard to alleged sidewalk defects since these are often transitory in nature *(Levine v City of New York,* 111 AD2d, *supra,* at 786). We accordingly find that the court's denial of defendant's motion to dismiss the complaint constituted an improvident exercise of discretion *(Mitchell v City of New York,* 131 AD2d 313). Concur—Carro, J. P., Wallach, Ross and Asch, JJ.