■ ALICE POITIER, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [604 NYS2d 566] —Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered June 2, 1992, which denied the motion of defendant New York City Housing Authority to dismiss plaintiff's complaint and granted plaintiff's motion to deem her amended notice of claim filed nunc pro tunc, unanimously affirmed, without costs.

Defendant contends that plaintiff's amended notice of claim did not specify the accident location with sufficient particularity to allow it to locate the defect and to conduct a meaningful investigation so as to assess the merits of plaintiff's claim. Concededly, plaintiff's original notice of claim failed to specify the exact location of the accident and the time of day that the accident occurred. However, at the statutory hearing held 2½ months later, plaintiff furnished both the exact location and the time of day that the accident occurred. Thus, after a hearing, defendant has sufficient information to locate the accident site but failed to even attempt to conduct an investigation based on the information it had obtained. "[W]here a lack of specificity is, as here, inadvertent and not calculated to mislead or confuse, the court, may, in its discretion, deem the notice sufficient if it is later clarified in such a manner so as to avoid prejudice to the public corporation." *(Miles v City of New York,* 173 AD2d 298, 299.)

We have considered defendant's other claims and find them to be without merit. Concur—Ellerin, J. P., Wallach, Kupferman and Nardelli, JJ.