■ OLIVIA SVARTZ, Appellant, v TOWN OF FALLSBURG, Respondent, et al., Defendants. [661 NYS2d 87] —White, J. P. Appeal from that part of an order of the Supreme Court (Bradley, J.), entered April 1, 1996 in Sullivan County, which granted defendant Town of Fallsburg's motion for summary judgment dismissing the complaint against it.

Plaintiff's complaint, supplemented by her bill of particulars, alleges that she sustained personal injuries on November 18, 1993 when she fell as the result of having stepped into a pothole located in Woodland Townhouse Road (hereinafter the Road) within 500 feet of Karmel Road in the Town of Fallsburg, Sullivan County. After issue was joined, defendant Town of Fallsburg moved for summary judgment on the ground that it had not received prior written notice of the defective condition in the Road as was required by its local law.* In opposition, plaintiff submitted proof that on July 9, 1993 a petition

---

* The Town's written notice statute provides: "No civil action shall be maintained against the Town * * * for damages or injuries to person * * * sustained by reason of any highway * * * being defective, out of repair, unsafe, dangerous or obstructed unless written notice of such * * * condition

signed by 62 residents was filed with the Town complaining of potholes at "the entrance to the [Woodland Townhouses]". In its reply, the Town pointed out that it did not own the first 250 feet of the Road until that portion was dedicated to it on March 29, 1994 and that plaintiff at the General Municipal Law § 50-h hearing marked a photograph locating the accident site within the first 250 feet of the Road. Because it did not own or control that portion of the Road, the Town contended that liability could not be imposed upon it. Plaintiff did not challenge the Town's proof; instead, she urged Supreme Court to deny the motion and permit further discovery. Supreme Court declined plaintiff's request and granted the Town's motion on the basis that the Town did not own or maintain the Road at the accident site. Plaintiff appeals.

Without accompanying measurements, we do not agree with the Town that the photograph conclusively establishes that the subject pothole was located within the first 250 feet of the Road. Thus, the only undisputed proof regarding the location of the pothole is that it was within 500 feet of Karmel Road which raises the possibility that plaintiff's accident may or may not have occurred on Town property since the Town admits that it owned the portion of the Road beyond the first 250 feet. Accordingly, we will consider the Town's motion in relation to both possibilities.

The fact that the pothole may have been located within that portion of the Road that the Town did not own does not necessarily insulate it from liability (*see*, *Alberti v Rydill*, 152 AD2d 520, 523; *Bonesteel v Fitzgerald Bros. Constr. Co.*, 86 AD2d 715). Despite the lack of ownership, a municipality may be cast in damages where it assumes control of a private road and maintains it (*see*, *Vastola v City of New York*, 289 NY 310, 312; *Sewell v City of Cohoes*, 75 NY 45, 49; *see also*, 4B Warren, Negligence in the New York Courts, Highways, § 67.07 [3], at 298 [5th ed]). Thus, to prevail on this aspect of its motion, the Town was required to come forth with admissible evidence establishing that it did not engage in these affirmative activities (*see*, *GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967). To meet this burden, the Town submitted affidavits by its Town Clerk and Superintendent of Highways stating that the Town did not maintain the subject portion of the Road. Inasmuch as these statements do not indicate that they are predicated upon a review of the Town's maintenance records or some other relevant factual material, we find that they did not

* * * was actually given to the Town Clerk * * * or the Town Superintendent of Highways" (Local Laws, No. 1 of Town of Fallsburg § 107.1).

satisfy the Town's burden, especially as the record indicates that the Town may have plowed this portion of the Road (*see, Federoff v Camperlengo*, 215 AD2d 806, 809).

If the pothole was between 250 feet and 500 feet from Karmel Road, then plaintiff was required to prove that the Town had received prior written notice that brought the pothole's existence to the Town's attention (*see, Weinreb v City of New York*, 193 AD2d 596, 598; *Holt v County of Tioga*, 95 AD2d 934, 935, *lv denied* 60 NY2d 560, *appeal dismissed* 60 NY2d 701, *appeal dismissed* 466 US 919). The Town contends that the petition it received in July 1993 does not fulfill this function because it does not reasonably identify the area where plaintiff fell. Lacking any information as to the distance between the potholes that were the subject of the petition and the subject pothole, we cannot resolve this issue as a matter of law; thus, the sufficiency of the notice remains a question of fact for a jury to resolve (*see, Pier v Pavement Resource Mgrs.*, 144 AD2d 803, 804).

For these reasons, we conclude that summary judgment in the Town's favor was not warranted. We are further persuaded that such relief was inappropriate due to the fact that plaintiff's representative was denied access to the Town's maintenance records which could have provided her with relevant information on the issue of the Town's control and maintenance of the Road (*see, Campbell v City of New York*, 220 AD2d 476, 477).

Lastly, since the deficiencies in plaintiff's notice of claim were cured at the General Municipal Law § 50-h hearing by her testimony and the photograph of the accident scene, we see no reason to dismiss the complaint on the ground of inadequate notice, particularly as there is no indication that plaintiff intended to mislead or confuse the Town (*see, Poitier v New York City Hous. Auth.*, 199 AD2d 11; *Glekel v City of New York*, 151 AD2d 231, 232).

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.