■ EDWIN TORRES, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [690 NYS2d 257] —Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered March 3, 1998, granting plaintiff's motion for leave to file an amended notice of claim and amended summons and complaint and denying defendant's cross-motion to dismiss the complaint for failure to file a timely notice of claim, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion denied, the cross-motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

Plaintiff alleged injuries resulting from a slip and fall occurring on December 20, 1995, on property owned by the Housing Authority. On December 28, 1995 he reported the incident to a Housing Authority employee, who prepared an accident report. The accident report indicated that the fall occurred as a result of accumulated snow and ice at the entrance to the courtyard of the Chelsea Houses, between 420 and 428 West 26th Street. The March 15, 1996 notice of claim indicated that the accident occurred as a result of accumulated snow and ice at 427 West 26th Street. The Housing Authority's April 2, 1996 response rejecting the notice of claim, to which plaintiff failed to respond, relied on the vagueness of the notice. The Housing Authority did not request a General Municipal Law § 50-h hearing, although codefendant City of New York participated in its General Municipal Law § 50-h hearing on August 23, 1996. At that hearing, plaintiff specified that the accident occurred at the side of the Housing Authority's office at 428 West 26th Street, in the courtyard, that it was caused by a snow-covered hole, and that plaintiff had taken photographs two days after the accident.

Plaintiff's March 20, 1997 summons and complaint filed and served on the Housing Authority identified 427 West 26th

Street as the location of the accident, but now alleged, inconsistently with the notice of claim, that it was caused by a crack in the sidewalk. The Housing Authority's June 12, 1997 answer included as an affirmative defense plaintiff's procedural failures in regard to commencement of the action, including those under General Municipal Law article 4. On July 18, 1997, plaintiff, conceding defects in specification of the accident location, sought leave to amend the notice of claim and the complaint, arguing that actual notice had been given to the Housing Authority employee who wrote up the accident report. The proposed amended notice of claim and complaint alleged that the accident had occurred at 428 West 26th Street, and was caused by an uneven portion of a concrete border surrounding a tree in the courtyard. However, the photographs attached to the motion rather than being contemporaneous with the December 1995 accident, appear to have been taken in June and July of 1997. Defendant cross-moved to dismiss on September 5, 1997, alleging that the inadequacies in the original notice and inconsistencies between the accident report and the proposed amended notice and the complaint deprived the Housing Authority of an opportunity to timely investigate the accident.

The motion court, finding prejudice to the Housing Authority to be minimal, and basically equating the City's General Municipal Law § 50-h hearing with having provided the Housing Authority with an opportunity to develop a factual record, granted the motion to amend and declined to dismiss.

In view of well-established precedent, we must reverse and dismiss. The General Municipal Law § 50-e (2) notice is required so that the municipal defendant has an "adequate opportunity to timely investigate and defend" (*Wilson v New York City Hous. Auth.*, 187 AD2d 260, 261, *lv denied* 81 NY2d 704) at a point in time when the facts of the claim are still fresh (*Adkins v City of New York*, 43 NY2d 346, 350). Although technical mistakes or omissions in the notice of claim made in good faith may be corrected or even disregarded, the operative criterion is that the defendant may not thereby be prejudiced (General Municipal Law § 50-e [6]; *cf., Poitier v New York City Hous. Auth.*, 199 AD2d 11; *cf., Hoffman v New York City Hous. Auth.*, 187 AD2d 334). Although we do not presume prejudice arising from a mistake as to location (*Williams v City of New York*, 229 AD2d 114, 116), and the municipal defendant must demonstrate that such a mistake obstructed the investigation (*Konsker v City of New York*, 172 AD2d 361, *lv denied* 78 NY2d 858), the multiple mistakes in this case, including inconsis-

tencies as to the cause of the accident, and plaintiff's failure to more timely act to correct deficiencies in the original notice of claim, resulted in prejudice to defendant. Moreover, the notice amendment would effectively change the theory of causation, which is beyond the purview of General Municipal Law § 50-e (6) (*Steinberg v Village of Garden City*, 247 AD2d 463). Further, whatever actual notice codefendant City of New York acquired at the General Municipal Law § 50-h hearing cannot be imputed to the Housing Authority, a distinct municipal entity not united in interest with codefendant City (*Seif v City of New York*, 218 AD2d 595). Concur—Nardelli, J. P., Williams, Tom, Rubin and Friedman, JJ.