■ Sixto Melendez et al., Respondents, v New York City Housing Authority, Appellant. [741 NYS2d 866] —Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about June 8, 2001, which, in an action for personal injuries sustained when plaintiff fell on a stairway in defendant's premises, denied defendant's motion to strike certain claims contained in plaintiffs' bill of particulars, unanimously modified, on the law, to strike so much of the bill of particulars as alleges that defendant (1) negligently hired, trained, retained and supervised others with respect to the maintenance and repair of the property, staircase, and handrail, and (2) did not provide adequate illumination in the stairway, and otherwise affirmed, without costs.

Plaintiff's notice of claim, which alleges that plaintiff slipped on the stairway in question because of an "accumulation of liquid and debris upon the surface of the steps and lack of a proper handrail," fairly implies the statements contained in the bill of particulars with the exception of the two claims indicated above (*see, White v New York City Hous. Auth.,* 288 AD2d 150; *cf., Bryant v City of New York,* 188 AD2d 445), both of which are correctly challenged as new theories first asserted in plaintiff's bill of particulars. We modify accordingly. Concur—Williams, P.J., Saxe, Buckley, Rosenberger and Lerner, JJ.