■ JUANITA RIVERA, Appellant, v CITY OF NEW YORK, Respondent. [757 NYS2d 273] —Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered January 7, 2002, which, in an action for personal injuries sustained when plaintiff allegedly tripped and fell over broken asphalt while crossing the street, denied plaintiff's motion to amend her notice of claim and complaint, unanimously affirmed, without costs.

Plaintiff's original notice of claim identified the accident site by reference to its distance from the southeast corner of two streets that do not intersect but run parallel to each other, and thus was necessarily inaccurate. We have examined the map of the area contained in the record and are satisfied that the notice of claim did not include information sufficient to dispel the confusion caused by the specification of a nonexistent intersection and enable defendant to locate the accident site (*see Brown v City of New York*, 95 NY2d 389, 393-394 [2000]). Questions posed to plaintiff at her General Municipal Law § 50-h hearing some five months after the accident should have alerted her to the confusion, but her testimony was equally confusing, and she reiterated the inaccurate description in her complaint and bill of particulars. Defendant's ability to conduct a prompt investigation was thus prejudiced, and, accordingly, plaintiff's motion to amend her description of the accident site, made almost three years after the accident and after her filing of a note of issue, was properly denied (General Municipal Law § 50-e [6]; *see Reyes v City of New York*, 281 AD2d 235 [2001]; *Austin v City of Yonkers*, 243 AD2d 597 [1997]). Concur—Buckley, P.J., Nardelli, Andrias, Ellerin and Friedman, JJ.