JOSEPHINA SANTOS SANTANA et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [930 NYS2d 587]—

The court should not have granted plaintiffs' motion for leave to amend the notice of claim pursuant to General Municipal Law § 50-e (6). Plaintiffs did not merely seek to supplement the original claim, but rather, impermissibly sought to change the theory of liability from a fall on the stairs due to snow, ice or slush to a fall due to a loose metal tread (*see Torres v New York City Hous. Auth.*, 261 AD2d 273, 275 [1999], *lv denied* 93 NY2d

816 [1999]). Moreover, defendant would be prejudiced by the amendment since the original notice of claim was insufficient to allow them to effectively conduct a meaningful investigation of plaintiffs' amended claim (*see id.* at 274-275).

In view of the foregoing, we need not reach the merits of plaintiffs' motion for leave to file a late notice of claim. Concur—Mazzarelli, J.P., Moskowitz, Acosta, Renwick and DeGrasse, JJ.