■ MICHAEL CHENKIN, Appellant, v CITY OF NEW YORK, Respondent. [962 NYS2d 62]—Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered July 6, 2011, which granted defendant's motion to dismiss the complaint, and denied plaintiff's motion for leave to amend the complaint, unanimously affirmed, without costs.

The dismissal of plaintiff's state tort claims was proper, either because those claims were not included in the notice of claim, because they were untimely or because the facts alleged failed to state a cause of action. Plaintiff's cause of action under 42 USC § 1983 (*see Monell v New York City Dept. of Social Servs.*, 436 US 658, 690 [1978]), based on a claimed policy under which the police automatically arrest the accused in domestic disputes regardless of whether the criminal conduct of which they are accused is "trivial," was also properly dismissed. While a notice

of claim is not a prerequisite for such a claim (*see Wanczowski v City of New York*, 186 AD2d 397 [1st Dept 1992]), the allegations failed to state a viable section 1983 claim. The police are authorized to make arrests upon reasonable cause to believe that the person being arrested has committed a misdemeanor constituting a family offense (*see* CPL 140.10 [4] [c]), and plaintiff's arrest fell within these parameters.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Saxe, Moskowitz, Abdus-Salaam and Gische, JJ.