Rivera v New York City Hous. Auth. (2018 NY Slip Op 02751)





Rivera v New York City Hous. Auth.


2018 NY Slip Op 02751


Decided on April 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2018

Sweeny, J.P., Richter, Webber, Gesmer, Moulton, JJ.


6355 300994/14

[*1]Justin Rivera, Plaintiff-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


Burns & Harris, New York (Judith F. Stempler of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, New York (Patrick J. Lawless of counsel), for respondent.



Order, Supreme Court, Bronx County (Barry Salman, J.), entered December 6, 2016, which granted defendant's motion for dismissal of the complaint, and denied plaintiff's cross motion for leave to serve an amended notice of claim and an amended complaint and bill of particulars, unanimously affirmed, without costs.
The action was properly dismissed, because plaintiff's inconsistency as to the accident location and failure to timely move to correct the amended notice of claim prejudiced defendant's ability to investigate the incident while the surrounding facts were still fresh (see Cruz v City of New York, 138 AD3d 634 [1st Dept 2016]; Alvarez v City of New York, 155 AD2d 373, 374 [1st Dept 1989]). Plaintiff provides no explanation why he waited over one year after receiving defendant's response to his combined demand stating that the accident location as set forth in the notice of claim and the amended notice did not exist (see Rivera v New York City Hous. Auth., 235 AD2d 296 [1st Dept 1997]).
Defendant established that it had been prejudiced by submitting evidence that its investigators attempted to locate the accident location from the description provided in the notice of claim and amended notice and were unable to do so (see Centeno v City of New York, 224 AD2d 268 [1st Dept 1996], lv denied 88 NY2d 804 [1996]; Konsker v City of New York, 172 AD2d 361, 362 [1st Dept 1991], lv denied 78 NY2d 858 [1991]). Plaintiff failed to preserve the issue as to whether the motion court erred in considering the correspondence between defendant's counsel and its investigators, and we decline to review it (see Van Dina v City of New York, 292 AD2d 267, 267 [1st Dept 2002]). The facts that plaintiff correctly provided the block and lot number for the property and consistently alleged that he fell on stairway F not require a different result, because that information is insufficient to dispel the confusion caused by the specification
of an address that does not have the stairway as designated in the notice of claim and the amended notice (see Rivera v City of New York, 303 AD2d 318 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 24, 2018
CLERK