Ebron v New York City Hous. Auth. (2019 NY Slip Op 08485)





Ebron v New York City Hous. Auth.


2019 NY Slip Op 08485


Decided on November 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2019

Richter, J.P., Manzanet-Daniels, Gische, Webber, Kern, JJ.


10398 22199/12E

[*1] Joanne L. Ebron, Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Frekhtman & Associates, LLP, Brooklyn (Eileen Kaplan of counsel), for respondent.



Order, Supreme Court, Bronx County (Llinét M. Rosado, J.), entered March 16, 2018, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, and granted plaintiff's cross motion for leave to amend the bill of particulars, unanimously reversed, on the law, without costs, the motion granted, and the cross motion denied. The Clerk is directed to enter judgment dismissing the complaint.
Defendant established prima facie that it did not violate any common-law or statutory duty to plaintiff in failing to insulate the vertical heating pipes in her bathroom, by submitting evidence that the heating system was functioning properly at the time of plaintiff's injury and that the Building Code provision that requires piping to be insulated (see Administrative Code of City of NY § 27-809) does not apply to this building, because the building was constructed before the enactment of the provision (see Administrative Code §§ 27-111) and does not fall within an exception to the Code's grandfathering rule (see id. §§ 27-115, 27-116).
In opposition, plaintiff failed to raise an issue of fact as to either the proper functioning of the heating system or the exceptions to the Building Code's grandfathering provision. Indeed, as to whether the building fell within any exception to the grandfathering provision, plaintiff's expert noted that defendant's witness on the subject of alterations to the building did not address "alternatively funded or smaller projects that may have involved the heating system." This is sheer speculation.
Plaintiff's motion to amend the bill of particulars to include the allegation that water or condensation on the bathroom floor caused the accident should be denied. Neither the original notice of claim nor the amended notice contained that claim, and the limitation period of one year and 90 days to assert it against defendant had passed (see General Municipal Law § 50-e[5]; Mahase v Manhattan & Bronx Surface Tr. Operating Auth., 3 AD3d 410, 411 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 21, 2019
DEPUTY CLERK