Burtz v City of New York (2024 NY Slip Op 00858)

Burtz v City of New York

2024 NY Slip Op 00858

Decided on February 20, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 20, 2024

Before: Webber, J.P., González, Pitt-Burke, Rosado, JJ. 

Index No. 154895/14 Appeal No. 1710 Case No. 2023-01856 

[*1]Frederic Burtz, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents, Empire City Subway Company (Limited), Defendant.

Law Firm of Vaughn, Weber & Prakope, PLLC, Mineola (John A. Weber IV of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Geoffrey E. Curfman of counsel), for City of New York, respondent.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for Consolidated Edison Company of New York, Inc., respondent.

Order, Supreme Court, New York County (Machelle Sweeting, J.), entered on or about September 22, 2022, which, to the extent appealed from as limited by the briefs, granted defendant Consolidated Edison Company of New York, Inc.'s (Con Ed) motion for summary judgment dismissing the complaint, and defendant City of New York's (the City) cross-motion to dismiss the complaint, unanimously affirmed, without costs.
The court properly granted Con Ed's motion for summary judgment. Con Ed submitted plaintiff's deposition testimony, as well as the deposition testimony and an affidavit from its employees regarding the search of Con Ed's records for two years prior to and for the date of the incident, demonstrating that Con Ed performed no work at the location where plaintiff alleged his accident occurred in the complaint and the bill of particulars (see McDaniel v City of New York, 209 AD3d 409, 410 [1st Dept 2022]; Flores v City of New York, 29 AD3d 356, 358 [1st Dept 2006]; Cibener v City of New York, 268 AD2d 334, 334-335 [1st Dept 2000]).
In opposition, plaintiff failed to raise a triable issue of fact. He submitted no evidence that showed that Con Ed caused or created the alleged defect at the crosswalk at issue before he fell, nor does he point to any item of outstanding discovery that might show otherwise (see Amini v Arena Constr. Co., Inc., 110 AD3d 414, 415 [1st Dept 2013]; Robinson v City of New York, 18 AD3d 255, 256 [1st Dept 2005]. Moreover, plaintiff made no showing of why he is entitled to discovery from Con Ed about another crosswalk that he did not allege in the complaint was where his accident occurred.
The court properly granted the City's cross-motion to dismiss for plaintiff's failure to comply with the requirements of a notice of claim pursuant to General Municipal Law § 50-e (2). The notice of claim plaintiff served on the City alleged that the accident occurred "on the crosswalk between the northwest corner and southwest corner of East 59th Street, at it[s] intersection with Lexington Avenue." The complaint served on the City and plaintiff's 50-h hearing testimony was consistent with his notice of claim. However, plaintiff testified at his deposition that he fell while crossing Lexington Avenue between the northwest and northeast corners of 59th Street and Lexington Avenue, in a different crosswalk than stated in the notice of claim and his 50-h hearing testimony.
Plaintiff submitted no evidence with his opposition to the City's motion to clarify the location of the accident, despite the fact that defendant Empire City Subway (Limited)'s prior motion for summary judgment, and the court's resulting order in June 2022, alerted him to the error. Plaintiff's counsel's attempt to correct the error by claiming, in his affirmation in opposition, that plaintiff mistakenly testified during his deposition that he fell while crossing Lexington Avenue, and that plaintiff's notice of claim and 50-h hearing testimony that he was crossing [*2]East 59th Street is correct, lacks evidentiary value because counsel does not claim to have personal knowledge of where or how the accident occurred (see e.g. Doe v Intercontinental Hotels Group, PLC, 193 AD3d 410 [1st Dept 2021]). Plaintiff acknowledges a possible oversight in failing to "submit [] an errata sheet to correct [plaintiff's] deposition testimony," but the failure to correct this error, along with plaintiff's effort to obtain discovery of the second crosswalk, leaves open the question of the location of the accident. In the absence of an affidavit from plaintiff or an errata sheet, and despite the Supreme Court's alerting plaintiff to the issue in its June 2, 2022 order, plaintiff failed to comply with General Municipal Law § 50-e (2), warranting dismissal of the complaint (see Torres v New York City Hous. Auth., 261 AD2d 273, 274—275 [1st Dept 1999], lv denied 93 NY2d 816 [1999]; Wilson v New York City Hous. Auth., 187 AD2d 260, 260-261 [1st Dept 1992], lv denied 81 NY2d 704 [1993]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 20, 2024