**Torres v City of New York**

2025 NY Slip Op 31424(U)

April 22, 2025

Supreme Court, New York County

Docket Number: Index No. 158288/2024

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. HASA A. KINGO** PART 05M

*Justice*

------------------------------------------------------------------------------X

JULIA TORRES,

INDEX NO. 158288/2024

Plaintiff,

MOTION DATE N/A

- v -

MOTION SEQ. NO. 002

CITY OF NEW YORK, NEW YORK CITY HOUSING
AUTHORITY

**DECISION + ORDER ON
MOTION**

Defendant.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 44, 45, 46, 47, 48, 49

were read on this motion for                                   DISMISSAL                                   .

The City of New York ("City") seeks dismissal of the complaint and all cross-claims asserted against it pursuant to CPLR § 3211(a)(7), for failure to state a cause of action. Specifically, the City argues that it owed no duty to the Plaintiff because the subject property is owned, operated, and maintained solely by the New York City Housing Authority ("NYCHA"), an entity legally distinct from the City.

## BACKGROUND AND PROCEDURAL HISTORY

This action arises out of an incident that occurred on October 31, 2023, when Plaintiff Julia Torres ("Plaintiff") allegedly tripped and fell on a defective condition on the internal "pathway" leading to the entrance of 2237 Second Avenue, New York, New York. Plaintiff commenced this action on or about September 9, 2024, naming the City and NYCHA as defendants.

The City answered on October 16, 2024, and now moves to dismiss the claims against it. NYCHA has filed a verified answer in which it explicitly admits ownership and control of the subject property, but has not opposed the City's motion. Plaintiff opposes the motion, arguing that dismissal is premature prior to discovery and positing that the City may have performed or contracted for the allegedly negligent repairs. The City filed a reply, reiterating its position that it has no legal connection to the premises.

## ARGUMENTS

The City asserts that Plaintiff has failed to state a viable claim against it under CPLR § 3211(a)(7), as it does not own, operate, manage, control, or maintain the subject premises. The City provides an affidavit by a Senior Title Examiner, Mr. David Schloss, confirming through a recorded deed that NYCHA—not the City—is the titleholder of 2237 Second Avenue. Further, the

158288/2024 TORRES, JULIA vs. CITY OF NEW YORK ET AL Page 1 of 4
Motion No. 002

1 of 4

[* 1]

City submits the affidavit of Evelyn Cabrera, Director of HPD's Division of Property Management, who affirms that neither HPD nor the City maintains or controls NYCHA properties. Relying on Public Housing Law § 401, the City emphasizes that NYCHA is a separate municipal entity. Accordingly, it contends that Plaintiff's claims must be dismissed as a matter of law.

Plaintiff concedes NYCHA's ownership but maintains that the City's motion is fatally flawed because it fails to address claims of "defect creation." Plaintiff asserts that the defect appeared "manmade" and argues that it is impossible to know—at this early stage—whether the City performed the work that created the hazardous condition. She relies on *Urena v. City of New York*, 2014 N.Y. Misc. LEXIS 2170 (Sup. Ct. N.Y. County 2014), a trial court decision denying the City's motion where it addressed only ownership and not operational control. Plaintiff argues that it is premature to dismiss claims of negligence without discovery.

The City maintains that Plaintiff's "cause and create" theory is pure speculation, unsupported by factual allegations or evidence. The City reiterates that the Cabrera and Schloss affidavits, as well as the deed and NYCHA's own admissions, conclusively establish the City's lack of connection to the premises. Relying on established appellate precedent, the City argues that it owed no duty of care to the Plaintiff and that any argument premised on hypothetical liability must be disregarded.

## DISCUSSION

On a motion to dismiss under CPLR § 3211(a)(7), the court accepts the facts alleged in the complaint as true, affords the plaintiff the benefit of every favorable inference, and determines only whether the facts fit within any cognizable legal theory (*Leon v. Martinez*, 84 NY2d 83, 87-88 [1994]). However, where documentary evidence submitted conclusively establishes that the plaintiff has no claim, dismissal is appropriate (*Rovello v. Orofino Realty Co.*, 40 NY2d 633, 636 [1976]; *Mill Fin., LLC v. Gillett*, 122 AD3d 98, 103 [1st Dept 2014]).

### I.     City's Lack of Ownership, Operation, or Control

The uncontroverted documentary evidence demonstrates that NYCHA owns, operates, and maintains 2237 Second Avenue. The deed, recorded in Liber 4821, Page 336, vests title in NYCHA since 1953. The verified answer of NYCHA expressly admits ownership and control of the subject premises. The affidavit of Evelyn Cabrera confirms that HPD and the City neither maintain nor control NYCHA properties.

This evidence is not merely unrefuted—it is dispositive. Courts consistently hold that a party may be liable for a premises defect only where it owns, occupies, controls, or makes special use of the property (*Gibbs v. Port Auth. of N.Y.*, 17 AD3d 252, 254 [1st Dept 2005]; *Balsam v. Delma Eng'g Corp.*, 139 AD2d 292, 296-97 [1st Dept], *lv. denied* 73 NY2d 783 [1988]). Plaintiff has presented no facts alleging that the City occupies or uses the premises, nor any evidence of a special relationship that could create liability.

### II.     Plaintiff's "Cause and Create" Theory

[* 2]

The court is unpersuaded by Plaintiff's argument that the City "may have caused or created" the defect. This theory is devoid of factual support and amounts to speculation. Courts have routinely rejected such conjecture when unsupported by factual allegations (*see Maas v. Cornell Univ.*, 94 NY2d 87, 91 [1999]; *Jacobson v. Chase Manhattan Bank*, 174 AD2d 709 [2d Dept 1991]).

The defect's allegedly "manmade" appearance does not give rise to an inference of City involvement, particularly where the City has provided unrebutted evidence of its non-ownership and non-involvement. As in *Garcia v. City of New York*, 2013 N.Y. Misc. LEXIS 2122 (Sup. Ct. N.Y. County 2013), where the City submitted a title affidavit and NYCHA ownership was confirmed, the court dismissed the action, holding that "the City cannot be held liable for any dangerous condition predicated upon the ownership of said premises."

The court is likewise guided by *Ortiz v. New York City Hous. Auth.*, Index No. 160234/2021 (Sup. Ct. N.Y. County 2022), where a similar motion was granted based on analogous facts. Plaintiff's reliance on *Urena* is misplaced; that case involved unresolved factual allegations about operational control. Here, by contrast, the Cabrera and Schloss affidavits, along with NYCHA's admissions, resolve that issue.

### III.    NYCHA as a Legally Distinct Entity

It is well settled that NYCHA is a distinct municipal corporation, separate from the City (*see Seif v. City of New York*, 218 AD2d 595 [1st Dept 1995]; *Torres v. New York City Hous. Auth.*, 261 AD2d 273 [1st Dept 1999]). Liability cannot be imputed to the City for acts or omissions by NYCHA employees. The Public Housing Law § 401 expressly codifies the independence of NYCHA from the City.

Thus, even if NYCHA performed defective repairs, such action cannot be attributed to the City. Plaintiff offers no basis—contractual, factual, or statutory—to support a theory of vicarious liability.

Plaintiff's claims against the City rest on speculative and legally insufficient theories. The documentary evidence conclusively demonstrates that the City neither owned nor controlled the premises where Plaintiff fell. NYCHA has admitted ownership and maintenance responsibility. There are no factual allegations suggesting the City performed work or created the defect. As such, the City owed Plaintiff no duty, a prerequisite for any negligence claim.

Accordingly, it is hereby

ORDERED that the motion by Defendant THE CITY OF NEW YORK to dismiss the complaint and all cross-claims against it pursuant to CPLR § 3211(a)(7) is GRANTED in its entirety; and it is further

ORDERED that the Complaint and all cross-claims as against Defendant THE CITY OF NEW YORK are hereby DISMISSED, and the caption of the action is hereby amended to remove the City of New York as a party defendant; and it is further

**158288/2024   TORRES, JULIA vs. CITY OF NEW YORK ET AL**
**Motion No.  002**

**Page 3 of 4**

3 of 4

ORDERED that the Clerk of the Court is directed to enter judgment dismissing the complaint and all cross-claims against Defendant THE CITY OF NEW YORK; and it is further

ORDERED that based on the aforementioned dismissal of Defendant THE CITY OF NEW YORK from this matter, the Clerk of the Court is directed to assign this matter to the inventory of a non-City Part.

This constitutes the decision and order of the court.

20250422103811HKINGO7CA77A50F0514C05A6811DE056275203

_____
**4/22/2025**
**DATE**

_____
**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | X | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**158288/2024   TORRES, JULIA vs. CITY OF NEW YORK ET AL**
**Motion No.  002**

**Page 4 of 4**

[* 4]