■ YOLANDA HITZFIELD, Appellant, v WILMORITE, INC., Also Known as IRONDEQUOIT MALL, Respondent. [654 NYS2d 506] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Plaintiff alleges that she slipped and fell while entering the Irondequoit Mall (Mall) in the Town of Irondequoit on December 7, 1991. A month later, her attorney wrote to the President of Wilmorite, Inc., notifying Wilmorite of the incident, asserting that the accumulation of water on the floor of the entrance was "caused by your employees not drying the floor" and "the negligence of employees of your corporation" and asking that Wilmorite's insurance carrier contact her. A week later, an adjuster for GAB Business Services Inc. (GAB) acknowledged the letter of plaintiff's attorney and advised that GAB was the insurance adjuster for "Wilmorite and the Irondequoit Mall" and was investigating the incident. Plaintiff forwarded medical reports and information to GAB and commenced this action against defendant after rejecting a settlement offer made by GAB. The complaint alleges that defendant had "a duty * * * to maintain the premises known as Irondequoit Mall in a safe and proper

condition". Defendant served an answer asserting a general denial to that allegation. David Lankford, the Designated Agent of Wilmorite, Inc., participated personally in discovery proceedings. After trial of the matter ended with a mistrial on unrelated grounds, defendant moved for summary judgment on the ground that it was not the owner of the Mall. Supreme Court erred in granting that motion.

Defendant, by its conduct, created the impression that it owned or had the responsibility to maintain the Mall. Although defendant had numerous opportunities to clarify that it neither owned nor was responsible for maintaining the Mall, counsel for defendant acknowledged that, "for strategic reasons", it purposefully remained silent until the time of trial, which was well after expiration of the Statute of Limitations. Under the circumstances, factual issues exist whether defendant should be estopped from asserting that it neither owned nor had a duty to maintain the Mall (*see, Frederick v Lansdown Investors*, 228 AD2d 300; *Fryczynski v Niagara Frontier Transp. Auth.*, 116 AD2d 979, *lv dismissed* 67 NY2d 607, 960). (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Summary Judgment.) Present—Denman, P. J., Green, Pine, Balio and Boehm, JJ.