■ JOHN L. DiPIERRO, Respondent, v CITY OF NEW YORK, Respondent, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Defendants, and AUER'S MOVING & RIGGING, INC., Appellant. [808 NYS2d 40]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered February 15, 2002, which denied defendant Auer's motion for summary judgment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint as against it.

Plaintiff was injured while crossing Water Street in lower Manhattan. As he crossed the street directly in front of 55 Water Street, he felt the pavement give way underneath his foot, causing him to fall. Photographs taken the next day show a depression in the street, three feet long and one foot wide, with an eight-inch hole in the middle of it.

Five months prior, defendant Auer's, a firm specializing in hoisting and rigging large objects, delivered three large slabs of heavy marble to 55 Water Street. The three pieces of marble, weighing 800, 400 and 200 pounds, were delivered on a flatbed truck outside that address. In connection with the project, Auer's parked a 35-ton crane and a 17-ton crane outside 55 Water Street, the latter weighing approximately 28,000 pounds.* Steel I-beams, weighing 300 to 400 pounds each, were placed in a path from the flatbed truck to the building lobby to form "railroad tracks," and the 35-ton crane then lifted the marble pieces and guided them along the tracks into the lobby. Underneath both cranes were four hydraulic outriggers with outrigger pads, and underneath these pads, on the pavement, were a series of timbers that were used to distribute the weight of the outriggers.

Auer's moved for summary judgment dismissing the complaint, relying on the pleadings, the deposition testimony of plaintiff and Robert J. Degen, Auer's president, and an affidavit from Degen. Auer's counsel argued that Auer's work at the location seven months before the accident was clearly not related to plaintiff's accident and that Auer's was not responsible for maintaining the condition of the public street.

---

* The tonnage refers to the crane's load-bearing capacity, not its actual weight.

Plaintiff and the codefendants opposed the motion, arguing that Auer's had failed to meet its initial burden of demonstrating prima facie entitlement to judgment as a matter of law. They argued that the conclusory statements of Auer's counsel did not eliminate the material factual issue of whether Auer's heavy equipment caused or created the defect in the street, and further noted that Auer's counsel had prohibited Degen from testifying at deposition as to whether Auer's had taken any precautions to prevent street damage by the cranes.

Supreme Court denied the motion, finding that it was Auer's burden, as movant, to establish "the absence of creation of the dangerous condition." We reverse.

It was Auer's burden as movant to establish prima facie entitlement to judgment as matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In our view, Auer's met this burden by showing that its use of heavy vehicles in the vicinity of plaintiff's accident occurred five months before plaintiff's accident, and that, according to Degen's deposition testimony, no defect was apparent upon inspection of the street immediately after the work was completed. Moreover, plaintiff's own deposition testimony established that he crossed the street in this same area every day in the intervening five months and never observed any defect in the street. Such evidence was sufficient to satisfy Auer's initial burden of showing that it was not responsible for creating the defect (*see Belvedere v AFC Constr. Corp.*, 21 AD3d 390, 391 [2005] [abutting owner met initial burden by showing it neither owned nor made special use of sidewalk and had no connection to condition that allegedly caused plaintiff's fall]).

In opposition, plaintiff failed to meet his burden of raising a triable issue of fact as to whether Auer's created the defect. Plaintiff offered no evidence, expert or otherwise, suggesting that Auer's equipment was excessively heavy under the circumstances or that any causal connection existed between Auer's use of heavy equipment and the street collapse five months later. In light of this substantial gap in time between Auer's work and the accident, during which the public street was undoubtedly traversed by other heavy vehicles, plaintiff's unsupported contention that Auer's equipment caused the street to collapse is speculative in nature and insufficient to raise a triable issue of fact (*see id.; cf. Green v City of New York*, 287 AD2d 344 [2001] [triable issues existed as to whether contractor's contemporaneous use of construction vehicles created sidewalk hazard upon which plaintiff fell]). Concur—Andrias, J.P., Friedman, Sullivan and Gonzalez, JJ.