■ BRAD SCOTT, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [836 NYS2d 140]—

Order, Supreme Court, Bronx County (Paul Victor, J.), entered December 27, 2005, which, to the extent appealed from, as limited by the briefs, denied defendants' cross motion to dismiss plaintiff's claims for false arrest and malicious prosecution, unanimously reversed, on the law, without costs, the motion granted and the false arrest and malicious prosecution claims dismissed.

On May 22, 2001, plaintiff was involved in an altercation with several police officers that resulted in his arrest. In a notice of claim filed with the City of New York dated May 30, 2001, plaintiff alleged that he was assaulted by the police without provocation and was the victim of excessive physical force. In

March 2002, he filed a summons and complaint in this action that included not only the allegations of assault and battery and excessive force, but also additional causes of action for malicious prosecution, negligent recruitment, hiring and training, and violations of civil rights.

At his General Municipal Law § 50-h hearing and at his deposition, plaintiff testified that several officers pulled up in a car, ordered him and a friend up against a wall, handcuffed them and asked them "where are the drugs?" They searched both men, pulled down plaintiff's pants, and struck him with a flashlight. Plaintiff spent the night in Central Booking, was charged with having an open container of alcohol and was released. Subsequently, plaintiff received treatment at Bronx Lebanon Hospital for his neck, back, side and ribs. The criminal charge against him was dismissed about a month later.

In contrast, Officer Phillip Lobello testified at his deposition that shortly after observing plaintiff drinking an alcoholic beverage on the street, he received a radio call of a black male with guns at that location. He then saw defendant run behind a car and put his hands in his pants. The officer grabbed plaintiff's arm, but when plaintiff refused to remove his hands, he was arrested and found in possession of a bottle of alcohol.

After plaintiff moved to compel certain discovery, defendant cross-moved for summary judgment or, alternatively, for dismissal of the false arrest and malicious prosecution claims on the ground that they were not included in plaintiff's General Municipal Law § 50-e notice of claim. Supreme Court granted plaintiff's motion for discovery, but denied the cross motion without explanation. We reverse.

Supreme Court erred in denying defendants' motion to dismiss the false arrest and malicious prosecution claims.* Plaintiff's notice of claim was limited to allegations of assaultive conduct by the police officers and their use of excessive force. There were no allegations, either express or implied, supporting the newly raised causes of action for false arrest and malicious prosecution. Indeed, the factual allegations in the notice of claim do not even mention the fact that plaintiff was subjected to arrest and prosecution. "Causes of action for which a notice of claim is required which are not listed in the plaintiff's original notice of claim may not be interposed" (*Mazzilli v City of New York*, 154 AD2d 355, 357 [1989]). Indeed, this Court has previously rejected attempts by plaintiffs to add new causes of action

---

* Plaintiff did not actually include a false arrest cause of action in his complaint, but rather referred to it in his motion papers.

for false arrest or malicious prosecution where, as here, the previously filed notice of claim was limited to allegations of negligence, recklessness or assault and battery (*see e.g. Garcia v O'Keefe*, 34 AD3d 334, 335 [2006]; *Wanczowski v City of New York*, 186 AD2d 397 [1992]; *Mazzilli* at 357).

Nor, at this juncture, is any alternative relief available to plaintiff. While General Municipal Law § 50-e (5) permits a court to extend the time for serving a notice of claim, plaintiff never sought to file a late notice and is now time-barred from bringing any new claims (*see* General Municipal Law § 50-i [1]). Further, although a notice of claim may be amended pursuant to General Municipal Law § 50-e (6), this provision merely authorizes the correction of good faith, nonprejudicial, technical defects or omissions, not substantive changes in the theory of liability (*Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410, 411 [2004]; *White v New York City Hous. Auth.*, 288 AD2d 150 [2001] ["(a)ny amendment that creates a new theory of liability is not within the statute's purview"]).

Nor may plaintiff rely on his testimony at his General Municipal Law § 50-h hearing to rectify any deficiencies in the notice. While such testimony has been permitted to clarify the location of an accident or the nature of injuries, "information supplied at the hearing may not be used to amend the theory of liability set forth in the notice of claim where, as here, amendment would change the nature of the claim (*Figueroa v New York City Hous. Auth.*, 271 AD2d 238, 238-239 [2000]). Concur—Saxe, J.P., Nardelli, Buckley, Gonzalez and Sweeny, JJ.