■ INES DEJESUS, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [848 NYS2d 641]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered October 30, 2006, which, insofar as appealed from, denied defendant's motion to strike two claims contained in plaintiff's bill of particulars, unanimously reversed, on the law, without costs, the motion granted, and so much of the bill of particulars that alleges that defendant (1) failed to comport with applicable ordinances, codes and statutes, and (2) negligently failed to hire sufficient and efficient employees stricken.

Plaintiff tripped and fell on a sidewalk abutting premises con-

trolled by defendant. The accident occurred near an area situated on the premises that was used to recycle garbage by the tenants in buildings on the premises. Plaintiff's notice of claim alleges that "garbage is permitted to accumulate outside the . . . area by virtue of the fact that [tenants] are directed to dispose of their garbage in . . . the area, however, it is locked and [tenants] are unable to properly dispose of their garbage in that area or in another appropriate location . . . therefore garbage is caused, permitted and allowed to accumulate on the [sidewalk]." Thus, the notice of claim asserts that defendant was negligent in permitting the area to remain in a hazardous condition "by virtue of locking [the] area . . . and permitting . . . garbage to accumulate on the [sidewalk], in failing to provide another location to dispose of garbage, [and] in failing to maintain, inspect or otherwise remedy the condition." The notice of claim did not imply that defendant negligently failed to hire adequate and sufficient employees (*see Melendez v New York City Hous. Auth.*, 294 AD2d 243 [2002]). Accordingly, this assertion is a new theory of liability first alleged in plaintiff's bill of particulars, and the motion court erred by not striking that allegation (*see Monmasterio v New York City Hous. Auth.*, 39 AD3d 354 [2007]).

The motion court concluded that plaintiff's assertion in her bill of particulars alleging that defendant failed "to comport with all applicable statutes of the Multiple Dwelling Law and such other applicable ordinances, codes and statutes" amplified the notice of claim. To the contrary, however, this vague and open-ended assertion amplified nothing (*see Alvarado v New York City Hous. Auth.*, 302 AD2d 264 [2003]). Thus, the court also erred by not striking this allegation. We take no position on the propriety of the allegations in plaintiff's supplemental bill of particulars, since defendant's motion was not addressed to that pleading.

We do not address the denial of plaintiff's cross motion to amend the notice of claim, since plaintiff neither appealed from that portion of the order nor addressed it in her brief. Concur— Mazzarelli, J.P., Andrias, Buckley, Sweeny and McGuire, JJ.