■ Robert McHale et al., Respondents, v Michael K. Anthony et al., Defendants, and Ryder TRS, Inc., Sued Herein as Ryder Truck Rental, Inc., Appellant. Ryder Truck Rental, Inc., Proposed Intervenor-Appellant. [895 NYS2d 367]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered May 29, 2009, which, insofar as appealed from, denied that branch of proposed intervenor Ryder Truck Rental, Inc.'s cross motion that sought to dismiss the complaint and directed it to file an answer, and denied the cross motion of defendant Ryder TRS, Inc. (incorrectly sued as Ryder Truck Rental, Inc.) for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, without costs,

proposed intervenor Ryder Truck Rental, Inc.'s cross motion granted to the extent of permitting it to intervene for purposes of these motions, and the complaint dismissed as against it, and the cross motion of Ryder TRS, Inc., incorrectly sued as Ryder Truck Rental, Inc., granted. The Clerk is directed to enter judgment dismissing the complaint as against proposed intervenor Ryder Truck Rental, Inc. and defendant Ryder TRS, Inc., incorrectly sued here as Ryder Truck Rental, Inc.

Plaintiff Robert McHale was driving a motor vehicle on the Gowanus Expressway on July 12, 1999 when it was struck by a truck driven by defendant Michael K. Anthony. It is not disputed that the truck had been rented by defendant Empire Beef Company from Ryder Truck Rental, Inc., located at 329 Jefferson Road in Rochester, New York. The corporate headquarters of Ryder Truck Rental, Inc. is in Florida, and it has a New York agent for service of process registered with the New York Department of State.

Although the police accident report listed the owner of the offending truck as Ryder Truck Rental, Inc. with an address in Rochester, New York, and although the corporation's listing with the Department of State of its registered agent for service of process gave an address in Albany, New York, the pleadings state the address of Ryder Truck Rental, Inc. as 111 Eighth Avenue, New York, New York, and service was made on an agent at 307 East 11th Street in Manhattan. The corporation known as Ryder Truck Rental, Inc. did not have a facility at that address. Rather, that was the location of Ryder TRS, Inc., which company had purchased the consumer truck rental division of Ryder Truck Rental, Inc. in 1996. It is this separate Ryder entity that was served with the pleadings in this action and on whose behalf the complaint was answered. However, the October 4, 2001 answer contained no indication that the Ryder defendant had been named incorrectly in the action; instead, the complaint was answered in the name of Ryder Truck Rental, Inc. Only in an amended answer dated November 29, 2005 did the served Ryder entity first point out the misnomer by referring to itself in its opening paragraph as "Defendant, Ryder TRS f/a/k/a Ryder Truck Rental incorrectly sued herein as Ryder Truck Rental, Inc."

While service of process in this manner was capable of conferring jurisdiction over the served Ryder truck rental entity, it could not have conferred jurisdiction over the unrelated Ryder Truck corporation that actually owned the offending truck. The absence of any jurisdictional defense in the served answer is irrelevant; there was no basis to interpose an affirmative defense

of improper service, since the served Ryder entity was properly served, albeit by a name slightly different from its own, while the Ryder corporation that actually owned the truck had no need to claim improper service, having never been served at all.

Plaintiffs' motion for a default judgment against Ryder Truck Rental, Inc. was therefore properly denied, because Ryder Truck Rental, Inc. was not in default, the pleadings having never been served on it.

The failure of the law firm that prepared and served an answer on behalf of the served Ryder entity to point out the difference between its client's actual name and the name set forth in the complaint probably contributed to plaintiffs' failure to recognize that they had not served the correct party defendant. However, service of an answer purporting to be on behalf of the named defendant cannot establish personal jurisdiction over the named defendant, when the named defendant is entirely separate from the served entity, conducts an entirely separate business, and is located in an entirely different place.

Neither the failure to serve the complaint properly nor the served defendant's failure to point out the misnomer is the fault of Ryder Truck Rental, Inc. Had Ryder Truck Rental, Inc. taken any affirmative steps to mislead plaintiffs, dismissal of the complaint as against it would not be appropriate at this juncture. Indeed, if there were any indication that Ryder Truck Rental, Inc. had even received actual notice of the action from the served Ryder entity, fairness and equity might preclude dismissal at this point. However, there is no indication that the true corporate truck owner received any notice of the action before it moved to dismiss or intervene. That intervening party is therefore entitled to a final determination that jurisdiction was not obtained over it; to the extent the complaint names it as a party defendant, the complaint must be dismissed as against it.

Finally, the motion by the served Ryder defendant, now denominated Ryder TRS, Inc., for summary judgment in its favor on the ground that the offending truck has been established to be owned by a separate entity, should have been granted. There is no evidence that it either owned, leased or operated the offending truck, and the equities do not justify keeping it in the case. Its business was renting trucks; it was sued on the ground that a truck it owned had been in an accident. It therefore appropriately answered the complaint with a denial of knowledge as to whether it owned the offending truck.

Neither the error by defense counsel in failing to note or cor-

rect the misnomer, nor the substance of the answer, establishes grounds to estop the served Ryder entity from asserting a defense to the action. As troubling as this situation is, the confusion grows primarily out of plaintiffs' decision to serve Ryder Truck Rental, Inc. without reference to the readily available information as to its correct location. The problem was merely exacerbated when counsel for the served Ryder entity served its answer without correcting the misnomer. Neither counsel's failure to point out the misnomer, nor the failure to definitively deny ownership of the offending truck in the initial answer, is comparable to a purposeful, strategic silence intended to mislead plaintiffs as to the proper defendant, which would justify using a theory of estoppel to hold it liable for a truck it did not own (*see e.g. Hitzfield v Wilmorite, Inc.*, 237 AD2d 879 [1997]). To the extent counsel's conduct caused plaintiffs to incorrectly assume that the proper entity had been served and had appeared, the fault lies predominantly with plaintiffs' decision as to how to serve Ryder. Concur—Saxe, J.P., Catterson, DeGrasse and Abdus-Salaam, JJ.