# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

886

CA 11-02482

PRESENT: SCUDDER, P.J., FAHEY, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

JOSEPHINE CLARE-HOLLO, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF HANNES A. HOLLO,
DECEASED, PLAINTIFF-APPELLANT-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

FINGER LAKES AMBULANCE EMS, INC.,
DEFENDANT-RESPONDENT,
CITY OF GENEVA, DEFENDANT-RESPONDENT-APPELLANT,
ET AL., DEFENDANT.

---

DAVID A. JOHNS, PULTNEYVILLE, FOR PLAINTIFF-APPELLANT-RESPONDENT.

MELVIN & MELVIN, PLLC, SYRACUSE (ELIZABETH GENUNG OF COUNSEL), FOR
DEFENDANT-RESPONDENT-APPELLANT.

ORLANDO L. BLANCO, TROY, MICHIGAN, OF THE MICHIGAN AND FLORIDA BARS,
ADMITTED PRO HAC VICE, AND OSBORN, REED & BURKE, LLP, ROCHESTER, FOR
DEFENDANT-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered April 15, 2011 in a wrongful death action. The order struck paragraphs from plaintiff's supplemental bills of particulars.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In 1999 plaintiff's son (decedent) suffered a cardiac incident in his apartment in defendant City of Geneva (City). Plaintiff called the 911 service administered by the City, and the City's dispatcher transferred the call to a dispatcher of defendant Finger Lakes Ambulance EMS, Inc. (FLA), who ordered that an ambulance respond to the call. Because the ambulance initially responded to the wrong address, it did not arrive at decedent's apartment until approximately 15 minutes after plaintiff called. Decedent was taken to the hospital, where he subsequently died. Thereafter, plaintiff, individually and as administratrix of decedent's estate, commenced separate wrongful death actions against FLA and against the City and another defendant, arising from their handling of the 911 call and response thereto, and those actions were consolidated. Approximately 10 years after commencing the actions, and after considerable discovery, plaintiff filed supplemental bills of particulars for FLA and the City (hereafter, defendants). Defendants moved to vacate

their respective supplemental bills of particulars on the ground that they contained new theories of liability not previously alleged by plaintiff.  Supreme Court granted the motions in part, striking certain paragraphs from each of plaintiff's supplemental bills of particulars.  Plaintiff contends on appeal that the court erred in striking those paragraphs, and the City contends on its cross appeal that the court should have granted the full relief sought by the City by vacating the supplemental bill of particulars pertaining to the City in its entirety.  We affirm.

With respect to plaintiff's supplemental bill of particulars pertaining to FLA, we agree with plaintiff that FLA, a private corporation, was not entitled to rely on General Municipal Law provisions concerning the notice of claim requirement in General Municipal Law §§ 50-e and 50-i as a basis for relief.  Nevertheless, FLA properly established that several allegations in the supplemental bill of particulars should be stricken pursuant to CPLR 3043 (b).  That statute has been interpreted to prohibit a party from using a supplemental bill of particulars to add a theory of liability not previously alleged in the complaint or original bill of particulars (*see Jurado v Kalache*, 93 AD3d 759, 760-761; *Jurkowski v Sheehan Mem. Hosp.*, 85 AD3d 1672, 1673-1674; *Dalrymple v Koka*, 295 AD2d 469, 469).  The four paragraphs that the court struck from plaintiff's supplemental bill of particulars pertaining to FLA together alleged that FLA's employees acted negligently in their hiding or spoliation of evidence related to the 911 call and FLA's treatment of decedent.  Although plaintiff's wrongful death complaint and initial bill of particulars against FLA asserted numerous theories of negligence, none of those theories related to FLA's handling or withholding of evidence.  Thus, because the subject paragraphs in plaintiff's supplemental bill of particulars pertaining to FLA asserted new theories of liability in support of plaintiff's wrongful death claim that she had not previously asserted, we conclude that the court acted properly in granting FLA's motion with respect to those paragraphs (*see Jurado*, 93 AD3d at 760-761; *Dalrymple*, 295 AD2d at 469).

With respect to plaintiff's supplemental bill of particulars pertaining to the City, we reject plaintiff's contention that, because the City failed to challenge her notice of claim as deficient, the City may not now contend that allegations in her supplemental bill of particulars exceed the scope of the notice of claim.  Because the basis for the City's instant motion was not that the notice of claim was deficient, but instead was that plaintiff was bound by the theories of negligence raised in the notice of claim and was not free to add new theories in her bills of particulars, plaintiff's contention has no bearing on the resolution of the City's motion.  For the same reason, we view as irrelevant plaintiff's related contention that her notice of claim was factually sufficient to alert the City to the facts underlying her claim.

Turning to the merits, we conclude that the court properly struck 10 paragraphs of plaintiff's supplemental bill of particulars pertaining to the City.  It is well settled that a plaintiff may not use a bill of particulars or supplemental bill of particulars to

assert new theories of liability against a municipal defendant if such theories were not raised in the plaintiff's notice of claim and the plaintiff is time-barred from serving a late notice of claim under General Municipal Law § 50-e (5) (*see Semprini v Village of Southampton*, 48 AD3d 543, 544; *Scott v City of New York*, 40 AD3d 408, 410; *Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410, 411). Here, plaintiff's notice of claim alleged only that the City's employees may have been negligent, either through their actions or their use of address-identifying equipment and materials, in causing the initial response of the ambulance to the wrong address. The subject paragraphs in plaintiff's supplemental bill of particulars, by contrast, collectively alleged that the City's employees acted negligently in, inter alia, (1) "participating in a cover-up"; (2) failing to properly assess and report via dispatch decedent's medical condition; (3) failing to solicit help from other emergency responders; and (4) "sending [plaintiff] away from the phone to look for the ambulance." Because none of those theories of liability was contained in the notice of claim and a late notice of claim asserting such theories would in any event be time-barred, plaintiff was not entitled to raise them in her supplemental bill of particulars (*see Semprini*, 48 AD3d at 544; *Scott,* 40 AD3d at 410; *Mahase*, 3 AD3d at 411). Furthermore, inasmuch as plaintiff is seeking to assert new substantive theories of liability, she is unable to amend her notice of claim under General Municipal Law § 50-e (6) (*see Semprini*, 48 AD3d at 544; *Scott*, 40 AD3d at 410; *Mahase*, 3 AD3d at 411).

Finally, we reject the City's contention on its cross appeal that the court should have vacated plaintiff's supplemental bill of particulars against the City in its entirety, rather than merely striking certain paragraphs that asserted new theories of liability (*see e.g. DeJesus v New York City Hous. Auth.*, 46 AD3d 474, 475; *Lopez v New York City Hous. Auth.*, 16 AD3d 164, 164-165).

Entered: October 5, 2012                                    Frances E. Cafarell
                                                            Clerk of the Court