Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered April 19, 2012, which, to the extent appealed from as limited by the briefs, granted defendant New York City Board of Education’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The infant plaintiff was injured when, during the course of playing basketball in the school gymnasium, as he attempted to prevent the ball from going out of bounds, he was shoved by a classmate into an electrical outlet.
Defendants moved for summary judgment, asserting that the Board lacked actual or constructive notice of the defective electrical outlet in the gym, and, in any event, was not the proximate cause of the infant plaintiff’s injury. The court granted the motion, finding that the evidence showed that the conduct of the Board was not the proximate cause of plaintiffs injuries.
We now affirm. Whatever the merit to the assertion that the outlet was improperly maintained and “dangerously protruding” from the wall, the spontaneous act of another student pushing plaintiff into the electrical outlet constituted a supervening act relieving the Board of liability (see Cruz v City of New York, 7 AD3d 394, 395 [1st Dept 2004] [another student’s act of shoving the plaintiff into a hallway window during a game of tag was “sufficiently attenuated” from the defendants’ conduct in allegedly failing to properly maintain the window]).
*584 Plaintiffs’ claim of negligent supervision was never asserted in the notice of claim, and therefore cannot be raised now (see General Municipal Law § 50-e [2]; Scott v City of New York, 40 AD3d 408, 409-410 [1st Dept 2007]).
As expressly conceded by plaintiffs before the motion court, the City of New York is not a proper party, and the dismissal of the complaint as to that defendant is not at issue here. Concur— Mazzarelli, J.P., Andrias, DeGrasse, Freedman and ManzanetDaniels, JJ.