Order, Supreme Court, New York County (Arthur F. Engoron, J), entered December 18, 2012, which, insofar as appealed from as limited by the briefs, denied so much of defendant’s motion for summary judgment as sought to dismiss the claim that the playground equipment from which the infant plaintiff fell was inherently dangerous, unanimously affirmed, without costs.
While the notice of claim may not have expressly stated that the flat, circular, spinning playground disc from which the infant fell had a defective design, the complaint alleged that the infant plaintiffs injury was caused by “the dangerous, defective and *536 unsafe condition” posed by the disc, “including but not limited to lack of supervision, lack of control, lack of guidance and lack of instruction” (emphasis added). This was sufficient to place defendant on notice that part of plaintiffs’ theory was that the disc itself was defective (see e.g. Jackson v New York City Tr. Auth., 30 AD3d 289, 291 [1st Dept 2006]). In addition, that plaintiffs were alleging that the disc was defective could be inferred from the allegation that the mere presence of excessive speed caused plaintiff to be ejected from it. This contrasts with cases such as Rodriguez v Board of Educ. of the City of N.Y. (107 AD3d 651 [1st Dept 2013]) and Chieffet v New York City Tr. Auth. (10 AD3d 526, 527 [1st Dept 2004]), where the theories of liability introduced by the plaintiffs were wholly independent of the theories alleged in the notices of claim.
On the merits, defendant failed to satisfy its prima facie burden of establishing its entitlement to summary judgment, because it did not assert that it did not create the unsafe condition by installing an unreasonably dangerous piece of equipment (see O’Halloran v City of New York, 78 AD3d 536, 537 [1st Dept 2010]). Even if defendant had satisfied its burden, plaintiffs’ expert’s affidavit created an issue of fact. It is irrelevant that the expert inspected the disc five years after the accident, because the condition on which he opined was unlikely to have changed in the intervening period of time (see Rhodes v City of New York, 88 AD3d 614 [1st Dept 2011]).
Concur—Mazzarelli, J.R, Sweeny, Andrias, Manzanet-Daniels and Kapnick, JJ.