(August 7, 2014)

■ Calvin E. Thomas, Appellant, v New York City Housing Authority, Respondent. [990 NYS2d 517]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered February 4, 2013, which granted defendant's motion to strike from the bill of particulars allegations concerning the handrail of the staircase where plaintiff allegedly fell, and denied plaintiff's cross motion for leave to amend the notice of claim, modified, on the law, to deny defendant's motion, and otherwise affirmed, without costs.

Plaintiff claims that on August 15, 2011, as he stepped from the stairs and onto the second floor landing of stairway "A" in defendant's building, he slipped and fell on a puddle of urine, feces and debris on the landing. He testified that he held onto the handrail as he descended the stairs but "quickly released" his hand upon encountering a lock at the base of the handrail.

In the amended notice of claim, dated November 11, 2011, plaintiff alleged that the accident was attributable to the dangerous, defective and unsafe condition of the second-floor landing. In the bill of particulars, dated March 12, 2012, plaintiff further specified that defendant was negligent in failing to maintain, repair and clean the handrail near the landing, and in causing and allowing the handrail to remain obstructed so as to prevent its use by people traversing the stairway.

Defendant moved to strike the allegations in the bill of particulars concerning the condition of the handrail, and plaintiff cross-moved for leave to serve an amended notice of claim. The motion court granted defendant's motion and denied plaintiff's cross motion.

We modify to deny defendant's motion. Plaintiff's claim that defendant failed to maintain the handrail along the stairway at or near the second floor may be fairly inferred from the notice of claim, which alleged that defendant was negligent in maintaining the second floor landing area (*Jackson v New York City Tr. Auth.*, 30 AD3d 289, 291 [1st Dept 2006]). The notice of claim alleged generally that defendant failed to maintain stairway "A" in the vicinity of the second-floor landing, causing plaintiff's injury. The bill of particulars merely amplified the allegations of negligence concerning the landing area by further specifying that defendant had failed to maintain the handrail at the landing area (*e.g. Jackson*, 30 AD3d at 291 [claim of general negligence in notice of claim sufficient to encompass plaintiff's more specific claims that the absence of handholds or grab bars inside of bus contributed to the accident]; *see also Jimenez v City of New York*, 117 AD3d 535 [1st Dept 2014]; *Brown v City of New York*, 56 AD3d 304 [1st Dept 2008]).

To the extent claims concerning the handrail were "new," they were made well within the one year-and-90 day limitation period and did not impede defendant's ability to conduct a meaningful investigation. Plaintiff testified at the General Municipal Law § 50-h hearing concerning the obstructed handrail and the feces and urine filled landing area. Moreover, photographs of the landing area depicting the stairs and the obstructed handrail were shown to plaintiff at the hearing.

In light of our ruling that allegations concerning the handrail may be fairly inferred from the notice of claim, plaintiff's cross motion to amend the notice of claim is rendered academic. Concur—Mazzarelli, Manzanet-Daniels and Clark, JJ.

Gonzalez, P.J., and Sweeny, J., dissent in a memorandum by Sweeny, J., as follows: Because I cannot agree with the majority's conclusion that plaintiff's allegations concerning a defective handrail may be fairly inferred from the notice of claim, I must dissent.

The amended notice of claim states the accident was: "due to the dangerous, defective, broken, hazardous, dimly lit, wet, feces-filled and unsafe condition of said landing. . . . [Defendant was also negligent] in its ownership, design, construction, operation, maintenance, management, repair and control of the premises mentioned, and more specifically the aforementioned landing. [Defendant was] further negligent in allowing, causing, creating and permitting the landing to be, become and remain in a broken, dangerous, defective, unstable, dimly lit, wet, feces-filled and unsafe condition; in causing, allowing and permitting the landing to be carelessly, negligently and dangerously

maintained, creating a trap, nuisance and hazard upon the said premises and more particularly upon the landing and in failing to post any notice or warning of the said dangerous and defective condition at said premises and landing." Nowhere in the amended notice of claim is there even an indication of a defective handrail being a substantial factor in the accident.

Therefore, the allegations contained in the bill of particulars regarding defective conditions of the handrail were not set forth in, and, despite the majority's conclusion, cannot fairly be inferred from, the allegations in the notice of claim (*DeJesus v New York City Hous. Auth.*, 46 AD3d 474, 475 [1st Dept 2007]).

Nor did plaintiff's General Municipal Law § 50-h hearing testimony provide notice that he claimed that the handrail was defective or contributed to his accident (*Scott v City of New York*, 40 AD3d 408, 410 [1st Dept 2007]). The only reference to the handrail in plaintiff's testimony was that he was holding on to it and let go because of what turned out to be a lock at the end of the railing. There was never so much as an inference that the handrail was in any way defective much less a cause of the accident. The record simply does not support the majority's conclusion concerning the allegations of a defective handrail.