(February 24, 2015)

■ Carla Farrulla, Appellant, v Happy Care Ambulette Inc. et al., Respondents. [5 NYS3d 11]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about July 15, 2013, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action for personal injuries allegedly sustained by plaintiff while she was a passenger in an ambulette van, defendants established their prima facie entitlement to summary judgment by demonstrating that they had no involvement with the subject accident. In opposition, plaintiff failed to raise a triable issue of fact (*see DiPierro v City of New York*, 25 AD3d 306, 308 [1st Dept 2006]). Her deposition testimony establishes that the ambulette van in which she was riding when the accident occurred had a black exterior, and that "Action Ambulette" was displayed on the side of the vehicle. Defendants submitted the affidavit of John Colagrande, defendant Happy Care Ambulette Inc.'s (Happy Care) vice president in which he asserted that the company never owned ambulettes that were painted black nor was it affiliated with an entity called Action Ambulette.

Contrary to plaintiff's contention, the Workers' Compensation form and her affidavit fail to demonstrate the existence of a triable issue of fact as to whether Happy Care owned or maintained the vehicle involved in the accident or was legally responsible for the person who allegedly caused her injuries.

The motion court properly determined that Happy Care was not estopped from asserting that it was an improper party to the action, because the record demonstrates that plaintiff could not have been taken by surprise that it would assert this defense. Indeed, Happy Care asserted in its answer that it did not cause plaintiff's alleged injuries and was not legally responsible for the person who did. Moreover, the record demonstrates that plaintiff is not prejudiced because she knew on the day of the alleged accident that the ambulette involved in the accident had an affiliation with "Action Ambulette," since she saw that name on the side of the vehicle (*see Arteaga v City of New York*, 101 AD3d 454, 454 [1st Dept 2012]; *Rosario v City of New York*, 261 AD2d 380, 380-381 [2d Dept 1999]).

Contrary to plaintiff's contention, Happy Care's failure to definitively deny ownership of the offending vehicle in its answer is not comparable to a purposeful, strategic silence intended to mislead her as to the proper defendant. Accordingly, the theory of estoppel is inapplicable and defendant cannot be held liable for an ambulette it did not own, maintain or operate when the accident happened (*see McHale v Anthony*, 70 AD3d 463, 465-466 [1st Dept 2010], *lv denied* 15 NY3d 710

[2010]). Even accepting plaintiff's contention that the driver of the offending vehicle was employed by Happy Care as true, the record is devoid of any evidence establishing a triable issue of fact as to whether he was working in his capacity as a Happy Care employee at the time of the accident. Concur—Tom, J.P., Friedman, Acosta, Saxe and Kapnick, JJ.