■ NEAL LEWIS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [24 NYS3d 16]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered October 17, 2014, which, to the extent appealed from as limited by the briefs, granted defendant's motion to strike certain allegations from the supplemental bill of particulars as constituting new theories of liability not set forth in the notice of claim and to preclude plaintiff's expert from testifying regarding those matters, unanimously affirmed, without costs.

In this action for negligence arising from plaintiff's slip and fall on liquid that was allegedly present on the third step of a staircase owned and maintained by defendant, the Supreme Court properly dismissed the allegations made in the supplemental bill of particulars regarding defendant's failure to provide a skid or slip-resistance surface on the staircases's stair treads, with listed regulatory violations, and that defendant's employees were improperly trained. Indeed, the notice of claim states that the accident was caused "as a result of a liquid substance" being on the third step of the subject staircase and that NYCHA was reckless and/or negligent in its ownership, operation, design, creation, management, maintenance,

contracting, subcontracting, supervision, authorization, use and control. It cannot be fairly inferred from the aforementioned language that plaintiff would later assert that the third step itself was in a defective condition or that the building's porter was improperly trained (*see Rodriguez v Board of Educ. of the City of N.Y.*, 107 AD3d 651 [1st Dept 2013]; *Melendez v New York City Hous. Auth.*, 294 AD2d 243 [1st Dept 2002]).

Contrary to plaintiff's contention, he may not rely on his testimony at his General Municipal Law § 50-h hearing to rectify any deficiencies in the notice of claim, because he never testified that there was an issue with the step itself and traditionally such testimony has only been "permitted to clarify the location of an accident or the nature of injuries, '[it] may not be used to amend the theory of liability set forth in the notice of claim where, as here, amendment would change the nature of the claim' " (*Scott v City of New York*, 40 AD3d 408, 410 [1st Dept 2007] [citation omitted]).

Accordingly, the motion court properly struck the allegations from the supplemental bill of particulars, as new theories of liability that cannot be fairly implied from the notice of claim, and precluded plaintiff's expert from testifying with regard to them (*see DeJesus v New York City Hous. Auth.*, 46 AD3d 474 [1st Dept 2007], *affd* 11 NY3d 889 [2008]; *Barksdale v New York City Tr. Auth.*, 294 AD2d 210, 211 [1st Dept 2002]; *Rojas v City of New York*, 208 AD2d 416, 416-417 [1st Dept 1994], *lv denied* 86 NY2d 705 [1995]). Concur—Acosta, J.P., Andrias, Manzanet-Daniels and Kapnick, JJ.