■ WENDY CRUZ, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [24 NYS3d 67]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered May 21, 2014, which granted defendant Transit Authority's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Although defendant moved for summary judgment before producing a witness for deposition, the motion was not premature. Defendant established prima facie that plaintiff's slip and fall on ice was not due to any negligence on its part by submitting an affidavit by the Director of the Short Range Bus Service Planning Department of the Manhattan and Bronx Surface Transit Operating Authority (MABSTOA), a subsidiary of defendant, stating that defendant operated a bus route with a stop at the subject location but did not "own, manage, maintain, operate, or control any bus stops" (see Demant v Town of Oyster Bay, 23 AD3d 333 [2d Dept 2005]). Plaintiff failed to make a showing that discovery might lead to relevant evidence supporting her claim that defendant owned or was responsible for removing snow and ice from the accident location (see Bailey v New York City Tr. Auth., 270 AD2d 156 [1st Dept 2000]).

Plaintiff also contends that summary judgment should not have been granted because triable issues of fact exist whether defendant failed in its duty as a common carrier to provide a safe means of ingress at the bus stop (citing Bingham v New York City Tr. Auth., 8 NY3d 176 [2007]). Defendant argues that plaintiff's claim of breach of a common carrier's duty to provide a safe means of ingress is not viable, because plaintiff did not plead this theory of liability in her notices of claim. Although, as plaintiff asserts, defendant did not make this argument before the motion court, this Court will reach it (see Chateau D' If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996],

*lv denied* 88 NY2d 811 [1996]). Contrary to plaintiff's contention, the notices of claim do not allege that defendant breached its duty as a common carrier to provide her with a safe means of ingress. That theory of liability is therefore precluded here (*see Mahase v Manhattan & Bronx Surface Tr. Operating Auth.*, 3 AD3d 410 [1st Dept 2004]). Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.