# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**260**

**CA 16-01329**

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

AIDEN GONZALEZ, BY HIS PARENT AND NATURAL
GUARDIAN ELIZABETH SNOW, INDIVIDUALLY,
PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

TAMMY POVOSKI, DEFENDANT-RESPONDENT,
VILLAGE OF ADDISON,
DEFENDANT-APPELLANT-RESPONDENT,
AND CORNING NATIONAL GAS CORPORATION,
DEFENDANT-RESPONDENT-APPELLANT.
--------------------------------------------
CORNING NATURAL GAS CORPORATION, SUED HEREIN
AS CORNING NATIONAL GAS CORPORATION,
THIRD-PARTY PLAINTIFF-RESPONDENT-APPELLANT,

V

SULLIVAN TRAIL CONSTRUCTION CO., INC.,
THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.

---

COUGHLIN & GERHART, L.L.P., BINGHAMTON, CONGDON, FLAHERTY,
O'CALLAGHAN, REID, DONLON, TRAVIS & FISHLINGER, UNIONDALE (CHRISTINE
GASSER OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

VARVARO, COTTER & BENDER, WHITE PLAINS (PATRICIA A. MOONEY OF
COUNSEL), FOR DEFENDANT-RESPONDENT-APPELLANT AND THIRD-PARTY
PLAINTIFF-RESPONDENT-APPELLANT.

CRAMER, SMITH & MILLER, P.C., JAMESVILLE (LAUREN M. MILLER OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.

CHRISTOPHER G. JOHNSON, ROCHESTER, FOR PLAINTIFFS-RESPONDENTS.

---

Appeal and cross appeals from an order of the Supreme Court, Steuben County (Joseph W. Latham, A.J.), entered November 4, 2015. The order denied the respective motion and cross motions of the parties for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint and any cross claims against defendant Corning Natural Gas Corporation, sued herein as Corning National Gas Corporation, and by granting the cross motion of defendant Village of

Addison insofar as it sought dismissal of the second cause of action against it, and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action to recover damages for injuries sustained by the infant plaintiff upon being struck by a car in the vicinity of some excavation work being carried out by defendant Village of Addison (Village). To perform that work, the Village was using a mini-excavator borrowed from third-party defendant Sullivan Trail Construction Co., Inc. (Sullivan), which had contracted with defendant Corning Natural Gas Corporation, incorrectly sued as Corning National Gas Corporation (Corning), and which recently had been engaged in laying new natural gas lines for Corning in that vicinity. The infant plaintiff had crossed the street with an adult in order to watch the excavation work, and he was struck by the vehicle when he allegedly emerged from behind a pile of dirt placed partially in the street and attempted to cross back over to his own yard. Insofar as relevant herein, Corning moved for summary judgment dismissing the complaint and any cross claims against it on the ground that it had no involvement in the excavation work being carried out at the site and thus no duty to prevent the infant plaintiff's injury. Alternatively, Corning sought an order granting it contractual "indemnification and defense costs" from Sullivan pursuant to its third-party complaint against Sullivan. The Village cross-moved for summary judgment dismissing the complaint and all cross claims against it. Additionally, Sullivan cross-moved for partial summary judgment dismissing Corning's third-party complaint against it to the extent that Corning sought contractual indemnification and damages for breach of an agreement to procure insurance policies naming Corning as an additional insured. Supreme Court denied the motion and cross motions.

With respect to its motion, we conclude that Corning is entitled to summary judgment dismissing the complaint and any cross claims against it, and we therefore modify the order accordingly. "In order to prevail on a negligence claim, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom . . . In the absence of a duty, as a matter of law, there can be no liability" (*Pasternack v Laboratory Corp. of Am. Holdings*, 27 NY3d 817, 825, *rearg denied* 28 NY3d 956 [internal quotation marks omitted]). Here, Corning had no duty to prevent the infant plaintiff's accident and thus cannot be held liable for its occurrence. In any event, Corning established its "prima facie entitlement to summary judgment by demonstrating that [it] had no involvement with the subject accident," and plaintiffs and the other defendants failed to raise a triable question of fact (*Farrulla v Happy Care Ambulette Inc.*, 125 AD3d 529, 530; *see Pina v Merolla*, 34 AD3d 663, 663-664; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562). In view of our determination with respect to Corning's entitlement to dismissal of the complaint and any cross claims against it, we do not address Corning's "alternative[]" contentions with respect to its third-party action, and we likewise do not address the contentions raised by Sullivan on its cross appeal.

With respect to the Village's cross motion, we conclude that the

Village demonstrated its entitlement to summary judgment dismissing the second cause of action against it on the ground that the derivative claim asserted therein was not set forth in the notice of claim served upon the Village.  We therefore further modify the order accordingly.  It is a condition precedent to, and indeed an essential element of, any cause of action for personal injury against a village that the plaintiff have served upon the village a notice of claim setting forth, inter alia, the nature of the claim and the items of damage or injuries claimed to have been sustained (*see* General Municipal Law §§ 50-e [1], [2]; 50-i [1]; CPLR 9802, 9901).  A claimant "need not state 'a precise cause of action in haec verba in a notice of claim' " (*Crew v Town of Beekman*, 105 AD3d 799, 800), but "a claimant may not raise in the complaint causes of action or legal theories that were not directly or indirectly mentioned in the notice of claim and that change the nature of the earlier claim or assert a new one" (*Moore v County of Rockland*, 192 AD2d 1021, 1023; *see Finke v City of Glen Cove*, 55 AD3d 785, 786; *see also Clare-Hollo v Finger Lakes Ambulance EMS, Inc*., 99 AD3d 1199, 1201).  Thus, under the circumstances herein, the plaintiffs are "foreclosed from asserting a derivative claim against the [Village]" (*Martin v Village of Freeport*, 71 AD3d 745, 746; *see Adam H. v County of Orange*, 66 AD3d 739, 740).

We have considered the Village's remaining contentions and conclude that they are without merit.

Entered:  April 28, 2017                     Frances E. Cafarell
                                             Clerk of the Court