Perez v City of New York (2021 NY Slip Op 02082)





Perez v City of New York


2021 NY Slip Op 02082


Decided on April 01, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 01, 2021

Before: Acosta, P.J., Kapnick, Webber, Kennedy, JJ. 


Index No. 157110/15 Appeal No. 13470 Case No. 2020-03184 

[*1]Jeudys Perez, Plaintiff-Appellant,
v
City of New York, Defendant-Respondent, Safety City, Defendant.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Philip W. Young of counsel), for respondent.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered February 3, 2020, which granted defendant City of New York's motion to dismiss the complaint as against it for failure to state a cause of action, and denied plaintiff's cross motion for leave to serve an amended notice of claim, unanimously affirmed, without costs.
In this action, plaintiff alleges that he was skateboarding on West 155th Street near the Riverside Drive viaduct when his skateboard struck a pothole in the roadway, causing him to fall and injure his left knee and ankle. Plaintiff served a timely notice of claim on the City which simply alleged that he "was injured due to a pothole located at 155th Street between Broadway and Riverside Avenue [sic] in Manhattan", but asserted no theory of liability. The motion court providently exercised its discretion in denying plaintiff's subsequent cross motion to amend the notice of claim pursuant to General Municipal Law § 50-e(6) on the ground that the proposed amendment impermissibly asserted new theories of liability (see Santana v New York City Tr. Auth., 88 AD3d 539 [1st Dept 2011]). Nor can plaintiff rely on his General Municipal Law § 50-h hearing testimony to rectify the deficiencies in his notice, where, as here, "[the] amendment would change the nature of the claim" (see Scott v City of New York, 40 AD3d 408, 410 [1st Dept 2007]). The timely service of the summons and complaint upon Corporation Counsel does not avail plaintiff, because the pleadings are distinct from, and not a substitute for, a valid notice of claim (see Davidson v Bronx Mun. Hosp., 64 NY2d 59, 61-62 [1984]).
The court correctly dismissed the complaint as against the City, because plaintiff failed to plead the applicability of the affirmative negligence exception to the prior written notice requirement (see Yarborough v City of New York, 10 NY3d 726, 728 [2008]). Contrary to plaintiff's contention, the complaint alleges merely that the City negligently maintained the accident location; it does not allege that the City's employees committed an affirmative act of negligence that created the subject pothole. "[P]laintiff never asserted such a theory in [his] notice of claim or complaint and [he] is precluded from doing so in opposition to defendant's motion after the statute of limitations has expired" (Kales v City of New York, 169 AD3d 585, 585 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 1, 2021