Sangare v 985 Bruckner Blvd. Hous. Dev. Fund Corp. (2023 NY Slip Op 00290)

Sangare v 985 Bruckner Blvd. Hous. Dev. Fund Corp.

2023 NY Slip Op 00290

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kern, J.P., Oing, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 22146/19E Appeal No. 17153 Case No. 2022-00577 

[*1]Aboulaye Sangare, Plaintiff-Respondent,
v
985 Bruckner Boulevard Housing Development Fund Corporation et al., Defendants-Appellants.

London Fischer LLP, New York (Brian A. Kalman of counsel), for appellants.
Bergstein & Ullrich, New Paltz (Stephen Bergstein of counsel), for respondent.

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered January 13, 2022, which granted plaintiff's motion for partial summary judgment on liability on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Plaintiff made a prima facie showing of entitlement to partial summary judgment on liability on his Labor Law § 240(1) claim, when he testified that a scaffold above where he was cleaning collapsed, causing portions of it to strike him (see Aburto v City of New York, 94 AD3d 640 [1st Dept 2012]). The motion was not premature as defendants failed to show what discovery was needed and what any additional discovery could be expected to reveal (see CPLR 3212[f]; Cruz v City of New York, 135 AD3d 644 [1st Dept 2016]; Miller v Icon Group LLC, 77 AD3d 586 [1st Dept 2010]). The outstanding depositions were of defendants' own witnesses and there was no evidence that any nonparty discovery had been sought (see Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP, 44 AD3d 557 [1st Dept 2007]).
Defendants' argument that all or some of the injuries pled were not caused by the subject accident is not an issue of liability, but rather an issue of damages, which remains unresolved (see Gramigna v Morse Diesel, 210 AD2d 115 [1st Dept 1994]; see also Doyle v Sithe/Independence Power Partners, 296 AD2d 847 [4th Dept 2002]). The dispute concerning damages does not raise credibility issues relative to the issue of liability where plaintiff gave no inconsistent version of how the accident occurred nor is there any evidence contradicting the allegation that the scaffold collapsed (compare Smigielski v Teachers Ins. & Annuity Assn. of Am., 137 AD3d 676 [1st Dept 2016]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023