Pena v Kokkada-Sathyanayana (2025 NY Slip Op 01294)

Pena v Kokkada-Sathyanayana

2025 NY Slip Op 01294

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Renwick, P.J., Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 809563/21|Appeal No. 3837|Case No. 2024-01186|

[*1]Dorothy Pena, Plaintiff-Appellant,
v
Sudheera Kokkada-Sathyanayana, M.D., et al., Defendants-Respondents.

Sanocki Newman & Turret, LLP, New York (Joshua Fogel of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Ian M. Sinclair of counsel), for respondents.

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered on or about January 23, 2024, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross-motion to amend her notice of claim nunc pro tunc, unanimously affirmed, without costs.
Plaintiff seeks damages for medical malpractice and failure to obtain informed consent during defendants' treatment of an injury to her left knee. Plaintiff's original notice of claim alleged that improper orthopedic care caused her knee injury to progress and worsen so that she ultimately sustained an ACL rupture and meniscus tear, requiring her to undergo surgery on October 29, 2020. However, after the General Municipal Law § 50-h hearing, plaintiff advanced a different theory of liability, alleging that she sustained nerve damage from the October 2020 surgery itself, as well as from the general anesthesia administered during the surgery, a postsurgical femoral nerve block procedure, and a lack of informed consent. Despite this new theory of liability, however, the notice of claim did not contain any allegations regarding defendants' treatment after the October 2020 surgery or lack of informed consent, nor during the ensuing three years of litigation did plaintiff seek to amend her notice of claim. The omission of those allegations from the notice of claim warrants dismissal of the complaint, as the notice of claim does not sufficiently notify defendants of the relevant claims (see e.g. Scott v City of New York, 40 AD3d 408, 410 [1st Dept 2007]).
Supreme Court providently exercised its discretion in denying plaintiff's cross-motion to amend the notice of claim in accordance with General Municipal Law § 50-e(6). The statute "merely authorizes the correction of good faith, nonprejudicial, technical defects or omissions, not substantive changes in the theory of liability" (Scott, 40 AD3d at 410). Plaintiff's proposed amended notice of claim, however, includes a new theory of liability and a new injury — namely, that the improper postsurgical femoral nerve block procedure caused nerve damage. This theory is different from what plaintiff originally alleged. Similarly, as already noted, the original notice of claim is silent on the cause of action for lack of informed consent, and that claim as alleged in the complaint and bill of particulars constitutes a new cause of action. Because the proposed changes substantially alter the theory of liability, plaintiff cannot rely on her § 50-h testimony to rectify the deficiencies in her notice (see Perez v City of New York, 193 AD3d 432, 433 [1st Dept 2021]; Castillo v Kings County Hosp. Ctr., 149 AD3d 896, 897 [2nd Dept 2017]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025