Henriquez v New York City Hous. Auth.
2026 NY Slip Op 02782
May 5, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Antoinette Henriquez, Plaintiff-Respondent-Appellant,
v
New York City Housing Authority, Defendant-Appellant-Respondent. And a Third-Party Action

Decided and Entered: May 05, 2026
Index No. 21718/18|Appeal No. 6527|Case No. 2025-00167|
Before: Webber, J.P., Moulton, Mendez, Higgitt, Michael, JJ.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant-respondent.
DeColator, Cohen & DiPrisco, LLP, Garden City (Carolyn M. Canzoneri of counsel), for respondent-appellant.

[*1]
Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered December 24, 2024, which denied defendant New York City Housing Authority's (NYCHA) motion to strike the additional claims in the verified supplemental bills of particulars dated September 16, 2020 and October 17, 2023, and denied plaintiff's motion to amend the notice of claim and complaint, unanimously modified, on the law, to grant NYCHA's motion, and otherwise affirmed, without costs.
Plaintiff alleges that, on August 5, 2017, while working as an on-duty sergeant employed by nonparty NYPD, she was seriously injured from the inhalation of heavy smoke at a NYCHA-owned building when third-party defendant Lorenzo Simmons allegedly started a fire inside an apartment. Plaintiff timely filed a notice of claim primarily alleging that NYCHA was negligent in permitting an illegal generator in the subject apartment. After the statute of limitations expired, plaintiff served supplemental bills of particulars, alleging that NYCHA was negligent and violated certain provisions of the New York City Fire Code, the Fire Prevention Code, the Administrative Code, and the Penal Law by failing to provide a fire alarm or fire sprinkler system for the premises.
Supreme Court should not have denied NYCHA's motion to strike claims in the supplemental bills of particulars for failing to specify the relief demanded (see CPLR 2214[a]). Although NYCHA erroneously asserted in its notice of motion that it was seeking relief pursuant to CPLR 3211, the court should have disregarded this technical deficiency because the notice of motion and affirmation made clear that it sought to strike claims in the bills of particulars that were not alleged in the notice of claim (see CPLR 2001; Ricciardi v State of New York, 201 AD3d 577, 578 [1st Dept 2022], lv denied 38 NY3d 914 [2022]). The court should have treated the motion as one made pursuant to CPLR 3043(b), as there was no prejudice to plaintiff, who was adequately apprised of the relief sought and the grounds therefor (see Matter of Blauman-Spindler v Blauman, 68 AD3d 1105, 1106 [2d Dept 2009]). Further, this appeal may be reviewed under the proper standard based on the record (see Blainey v Metro N. Commuter R.R., 99 AD3d 588, 590 n 2 [1st Dept 2012], lv denied 21 NY3d 859 [2013]).
[*2]
On the merits, NYCHA's motion to strike should be granted. The new allegations cannot be fairly implied from the boilerplate statements contained in the notice of claim, including the "failure to warn" allegations (see Chan v City of New York, 238 AD3d 446, 446 [1st Dept 2025]; Lewis v New York City Hous. Auth., 135 AD3d 444, 444-445 [1st Dept 2016]). Rather, the new allegations go beyond mere amplification and are new, distinct and independent theories of liability (see Lopez v New York City Hous. Auth., 16 AD3d 164, 165 [1st Dept 2005]). Plaintiff may not rely on her testimony at her General Municipal Law § 50-h hearing to rectify any deficiencies in the notice of claim (see Scott v City of New York, 40 AD3d 408, 410 [1st Dept 2007]).
Supreme Court providently denied plaintiff leave to amend the complaint. Since NYCHA's moving papers established that plaintiff's proposed amendments constituted new theories of liability, amendment is not permitted pursuant to General Municipal Law § 50-e(6) (see Ebron v New York City Hous. Auth., 177 AD3d 530, 530 [1st Dept 2019]). The issue of whether NYCHA would be prejudiced by the amendment is irrelevant (see Wilson v City of New York, 195 AD3d 534, 534 [1st Dept 2021]). Although leave to amend a pleading under CPLR 3025(b) shall be freely given, a complaint may not allege causes of action not alleged in the notice of claim (see Cruz v City of New York, 135 AD3d 644, 644-645 [1st Dept 2016]). Plaintiff may not seek leave to file a late notice of claim because the applicable one-year-and-90-day limitation period has expired (see Public Housing Law § 157[2]; General Municipal Law §§ 50-e[1]; 50-i[1][c]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 5, 2026